UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BASSEY B. NDEMENOH,

                              Plaintiff,

              -against-

CITY UNIVERSITY OF NEW YORK;
VINCENT BOUDREAU, President of City
College of New York; ATTORNEY
GENERAL OF NEW YORK STATE,

                              Defendants.

20-CV-4492 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff brings this *pro se* action, for which the filing fee has been paid, alleging that

Defendants violated his federal constitutional rights.  For the reasons set forth below, the Court

grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants*

*Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17

(2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss

frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon*

*Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings

liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest

[claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.

2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and

plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief

if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint: Plaintiff Bassey Ndemenoh was a student at the City College of New York, a school within the City University of New York ("CUNY") system. On November 26, 2016, Tanni Baidya, a CUNY employee, terminated Plaintiff's participation in a research study. Plaintiff asserts that his removal from the study constitutes age discrimination because, "[t]he age for the program was 18 or older and I was eligible by that criteria." (ECF No. 1, at 5.)

On November 28, 2016, a CUNY campus safety officer "arrested, detained, bullied, coerced, intimidated, and criminalized" Plaintiff based on "two purported malicious emails that threatened to kill the study coordinator" and a professor in the psychology department. (*Id.*) Plaintiff asserts that he was searched without his consent, and his computer and cell phone were confiscated. City College suspended Plaintiff "without hearing from [him] or investigating the matter." (*Id.*)

On November 29, 2016, Plaintiff appealed his suspension and met with George Rhinehart, a University employee who had the title of director and who "claimed to act on behalf

o[f] the dean." (*Id.*) Rhinehart tried to "coerce" Plaintiff into signing "some documents in exchange for a one semester suspension," but Plaintiff refused. (*Id.*)

Plaintiff was scheduled to have a hearing before the Student Faculty Disciplinary Committee on December 9, 2016. But on December 7, 2016, Rhinehart invited Plaintiff to his office and informed him that the hearing had been canceled. Rhinehart "apologized on behalf of the dean for the inconveniences caused and the interruption with [Plaintiff's] studies." (*Id.* at 5-6.) Rhinehart asked Plaintiff to return to school, and on December 8, 2016, Rhinehart sent an email to Plaintiff's professors asking them to readmit Plaintiff to their classes.

Plaintiff further alleges – in a statement that is difficult to reconcile with the above allegations – that Rhinehart prohibited Plaintiff from entering the Psychology Department Research Area and warned that failure to comply with the order "will result in [Plaintiff's] immediate arrest." (*Id.* at 6) (quoting a December 7, 2016 email from Rhinehart captioned "Cancellation of Student Disciplinary Hearing").

On January 3, 5, and 31, 2017, Plaintiff filed complaints with five City College and CUNY officials, alleging that he was discriminated against based on his age and ethnicity, and subjected to racial profiling and maltreatment. None of the officials responded to Plaintiff's complaints, and Plaintiff maintains that his claims were "never investigated." (*Id.* at 7.) On January 23, 2017, Plaintiff "was further discriminated against" when his scholarship was terminated based on his "involvement in a student disciplinary matter." (*Id.*)

On February 17, 2017, Plaintiff filed a complaint with the Office of Civil Rights ("OCR").[1] He now asserts that OCR: (1) "indicted City College for not responding" to his

---

[1] Plaintiff does not specify the agency or institution to which the Office of Civil Rights belongs.

complaints, (2) "did not complete the investigation because, according to them, City College had opted for a voluntary resolution of my matter, and (3) referred the case back to City College to investigate without [Plaintiff's] consent." (*Id.*)

On March 27, 2017, Plaintiff was again arrested "over the same malicious emails." (*Id.*) On March 30, 2017, Rhinehart again sent Plaintiff an email stating that the matter would be referred to the Student Faculty Disciplinary Committee. Plaintiff asserts that the Committee "never met and the college covered up the matter as they did in the first instance." (*Id.*)

With respect to both of Plaintiff's criminal cases, he alleges that evidence was produced linking the malicious emails to the IP address and mobile devices of a CUNY employee. Plaintiff asserts that on May 31, 2017, and June 26, 2017, both sets of charges against him were subsequently "dismissed and sealed with certificates of disposition." (*Id.*)

Plaintiff contends that "a college employee made up those malicious emails to cover up the discrimination and possibly send [him] to jail with the support of City College and CUNY who never investigated the matter nor grant[ed] [him] the opportunity to be heard." (*Id.* at 7-8.)

Plaintiff argues that "[a]s an African-American that identify [sic] with a protected class, these incidents are tied to my age, race, ethnicity and color." (*Id.* at 8.) He seeks $500,000 in money damages and "reversal of suspension on [his] records." (*Id.* at 6.)

Public records show that Plaintiff previously filed an action in the Court of Claims of the State of New York arising from the same events. In a judgment entered on February 21, 2019, the Court of Claims dismissed Plaintiff's claims. In affirming the lower court's unreported decision, the New York State Supreme Court, Appellate Division, First Department, held that Plaintiff's intentional tort claims for false arrest, false imprisonment, and malicious prosecution accrued more than one year earlier and were therefore time-barred under New York's statute of

limitations. *Ndemenoh v. City Univ. of N.Y.*, 180 A.D.3d 576, 576 (1st Dep't 2020). The Appellate

Division further held that the Court of Claims properly exercised its discretion in declining to

grant Plaintiff permission to file a late claim for alleged civil rights violations because the record

"does not provide 'reasonable cause to believe that a valid cause of action exists.'" *Id.* (quoting

*Sands v. State of New York*, 49 A.D.3d 444, 444 (1st Dep't 2008)). Finally, the Appellate Division

held that to the extent Plaintiff was asserting a claim based on confiscation of his property in

connection with his arrests, that claim would sound in conversion; the court declined, however,

to grant Plaintiff leave to file a late claim because such a claim "is not viable since there was

probable cause for his arrests." *Id.* at 577.

## DISCUSSION

The Court construes the complaint as asserting claims under 42 U.S.C. § 1983 of false

arrest, malicious prosecution, and denial of due process. The Court also construes Plaintiff's

allegations as asserting claims under Title VI of the Civil Rights Act of 1964; that is, that

Defendants discriminated against him on the basis of his race, color, or national origin.

### A.    Statute of Limitations

Most of Plaintiff's claims appear to be time-barred. The statute of limitations for § 1983

claims is found in the "general or residual [state] statute [of limitations] for personal injury

actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*,

488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R.

§ 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of

the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). Title

VI claims also have a three-year limitations period. *See Singh v. Wells*, 445 F. App'x 373, 376 (2d

Cir. 2011) (summary order).

Here, Plaintiff alleges that the events giving rise to his claims occurred between November 26, 2016, and June 26, 2017, when the charges related to one of Plaintiff's arrests were dismissed. (ECF No. 1, at 5, 7.) As Plaintiff filed this action on June 11, 2020, all claims arising from events that occurred prior to June 11, 2017 are time-barred.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

The Court therefore grants Plaintiff leave to file an amended complaint to allege facts showing that his claims are not time-barred, or that the doctrine of equitable tolling should apply. Equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc*., 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted).

**B.**     **Claims against the New York State Attorney General and CUNY President Vincent Boudreau**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the

defendants' direct and personal involvement in the alleged constitutional deprivation. *See*

*Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v.*

*Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983

solely because that defendant employs or supervises a person who violated the plaintiff's rights.

*See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for

the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An

individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation,
> (2) the defendant, after being informed of the violation through a report or appeal,
> failed to remedy the wrong, (3) the defendant created a policy or custom under
> which unconstitutional practices occurred, or allowed the continuance of such a
> policy or custom, (4) the defendant was grossly negligent in supervising
> subordinates who committed the wrongful acts, or (5) the defendant exhibited
> deliberate indifference to the rights of [the plaintiff] by failing to act on
> information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[2]

Plaintiff does not allege any facts showing how the New York State Attorney General and

CUNY President Vincent Boudreau were personally involved in the events underlying his

claims. The Court therefore dismisses Plaintiff's claims against these defendants for failure to

state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

Moreover, prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

The Court must therefore dismiss any claims Plaintiff may be asserting against the Attorney General based on actions within the scope of her official duties and associated with the conduct of a trial because they seek monetary relief against a defendant who is immune from suit and as frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

C.    **Section 1983 claims against CUNY**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

8

CUNY's Central Administration and CUNY's senior colleges qualify as arms of the State of New York. *See Clissuras v. City Univ. of New York*, 359 F.3d 79, 81 (2d Cir. 2004) ("Is a CUNY senior college an 'arm of the state' and therefore immune from suit? . . . [W]e find that it is."); *Barry v. City Univ. of New York*, 700 F. Supp. 2d 447, 452 (S.D.N.Y. 2010) ("The question of whether CUNY constitutes an 'arm of the state'—at least insofar as the conduct in question relates to a "senior college" such as Hunter—was decisively settled in *Clissuras*.").

City College is one of CUNY's senior colleges, and therefore is an arm of the state. *See, e.g.*, *Davis v. City of New York*, No. 94-CV-7277, 1996 WL 243256, at *5 n.1 (noting that City College is a "senior college" and is therefore an arm of the state for Eleventh Amendment purposes). Thus, under the Eleventh Amendment, CUNY and City College are immune from liability and Plaintiff's claims against them are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### D.    Malicious prosecution claims

Claims of malicious prosecution accrue when the relevant criminal proceedings terminate in the Plaintiff's favor. *See Bumbury v. City of New York*, 62 A.D. 3d 621 (1st Dep't 2009). Plaintiff alleges that the charges stemming from his November 28, 2016 arrest were dismissed on June 26, 2017. Plaintiff's malicious prosecution claim arising from this arrest was therefore timely filed on June 11, 2020.

To state a claim for malicious prosecution, a plaintiff must allege facts showing that: (1) the defendant initiated or continued a prosecution against the plaintiff; (2) the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) the defendant acted with malice; and (4) the prosecution terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). Moreover, "a plaintiff asserting a malicious prosecution claim under § 1983 must . . . show that the underlying criminal proceeding

ended in a manner that affirmatively indicates his innocence." *Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018).

Here, Plaintiff fails to state a claim for malicious prosecution because he fails to name as defendants the individuals who he asserts maliciously prosecuted him. The proper defendant for a malicious prosecution claim is the individual that "initiated" the prosecution. Simply reporting a crime to law enforcement and giving testimony does not constitute the "initiation" of a criminal prosecution. *Rothstein v. Carriere*, 373 F.3d 275, 293–94 (2d Cir. 2004) (citing *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 217 (2d Cir. 2000)). To state a claim, a plaintiff must allege facts suggesting the defendant played an "active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." *Id.* (quoting *Rohman*, 215 F.3d at 217); *see also Watson v. Grady*, No. 09–CV–3055 (KMK), U.S. Dist. LEXIS 103473, *17–18 (S.D.N.Y. Sept. 30, 2010) (stating that a civilian witness may be liable for malicious prosecution "if the information they falsely gave the prosecutor induced the prosecutor to act or if they conspire[d] with a complaining witness to manufacture evidence that is likely to influence the prosecutor's decision to commence proceedings") (internal quotations omitted). The Court therefore grants Plaintiff leave to amend his malicious prosecution claim[3] to name as a defendant the individual or individuals who he asserts initiated the prosecution against him, and allege facts sufficient to meet the standard articulated above, including facts suggesting that his prosecution was not just dismissed, but that it ended "in a manner that affirmatively indicates his innocence." *Lanning*, 908 F.3d at 22.[4]

---

[3] As Plaintiff's malicious prosecution claim arising from the charges that were dismissed on May 31, 2017, are time-barred, the Court grants Plaintiff leave to amend only his malicious prosecution claim arising from the charges that were dismissed on June 26, 2017.

[4] The Court notes that in declining to grant Plaintiff leave to file a late claim in state court, the New York Supreme Court, Appellate Division, First Department, stated that "leave

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid malicious prosecution claim arising from the charges that were dismissed on June 26, 2017, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

---

should not be given to file a late claim for conversion because the proposed claim is not viable since there was probable cause for his arrests." *Ndemenoh*, 180 A.D.3d at 577. The state court's finding of probable cause may have preclusive effect on Plaintiff's ability to state a § 1983 claim for malicious prosecution, but it is too early at this stage to address that question.

    e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

    f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief.

If Plaintiff re-pleads any of his § 1983 or Title VI claims arising from events that occurred before June 11, 2017, he must explain why such claims are timely despite the three-year limitations period, or plead facts suggesting that his claims should be subject to equitable tolling.

**Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.**

## CONCLUSION

Plaintiff has consented to receive electronic service of Court filings. (ECF No. 2.)

The Court dismisses Plaintiff's claims against CUNY, Vincent Boudreau, and the New York State Attorney General. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-4492 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff

fails to comply within the time allowed, and he cannot show good cause to excuse such failure,

the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:    August 4, 2020
          New York, New York

                                        _____
                                            LOUIS L. STANTON
                                                U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

                    -against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes      ☐ No

(check one)

___ Civ. _____ (   )

**I.       Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's        Name_____
                   ID#_____
                   Current Institution_____
                   Address_____
                   _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1        Name _____ Shield #_____
                        Where Currently Employed _____
                        Address _____
                        _____

*Rev. 01/2010*                                        1

Defendant  No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

<table>
<tr><td>Who did<br>what?</td></tr>
</table>

Defendant  No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.    Facts:_____

<table>
<tr><td>What<br>happened<br>to you?</td></tr>
</table>

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____     No _____      Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____     No _____      Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____     No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____     No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
        _____

        _____

        2.      What was the result, if any?
        _____

        _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
        _____
        _____
        _____
        _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
                _____
                _____
                _____

_____
_____
_____

     2.     If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:     You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.**     **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.     Previous lawsuits:**

<table>
<tr><td>

**On these claims**

</td><td>

A.     Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____  No _____

</td></tr>
</table>

B.     If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

     1.     Parties to the previous lawsuit:

     Plaintiff _____

     Defendants _____

     2.Court (if federal court, name the district; if state court, name the county) _____

     _____

_____   3.     Docket or Index number _____

_____   4.     Name of Judge assigned to your case_____

     5.     Approximate date of filing lawsuit _____

     6.     Is the case still pending?  Yes _____  No _____

     If NO, give the approximate date of disposition_____

     7.     What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<table>
<tr><td>

**On other claims**

</td><td>

C.     Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

</td></tr>
</table>

D.     If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

     1.     Parties to the previous lawsuit:

     Plaintiff _____

     Defendants _____

     2.     Court (if federal court, name the district; if state court, name the county) _____

     _____

_____   3.     Docket or Index number _____

_____   4.     Name of Judge assigned to your case_____

     5.     Approximate date of filing lawsuit _____

*Rev. 01/2010*                                    6

6.      Is the case still pending?  Yes _____   No _____
        If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
        _____
        _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

        Signature of Plaintiff     _____

        Inmate Number             _____

        Institution Address       _____

                                  _____

                                  _____

                                  _____


Note:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

        Signature of Plaintiff:   _____

*Rev. 01/2010*                          7