UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**BASSEY B. NDEMENOH**

_____ **PLAINTIFF,**

*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED COMPLAINT**
under the Civil Rights Act,
42 U.S.C. § 1983

-against-

**VINCENT BOUDREAU**
**WILLIAM C. THOMPSON JNR.**
**ANTHONY LAPERUTA**
**WENDY THORNTON**
**GEORGE RHINEHART**
**TANNI BAIDYA**
_____ **DEFENDANTS,**

Jury Trial: ☒ Yes   ☐ No
(check one)

20 Civ. 04492 (LLS)

RECEIVED SEP 2 1 2020 PRO SE OFFICE

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.   Parties in this complaint:**

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's   Name **BASSEY B. NDEMENOH**
ID# _____
Current Institution _____
Address **521 W 126TH STREET**
**NEW YORK, NY 10027**

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name **VINCENT BOUDREAU**   Shield # _____
Where Currently Employed **CITY COLLEGE OF NEW YORK**
Address **WILLIE ADMINISTATION BLDG. ROOM 300**
**160 CONVENT AVENUE**
**NEW YORK, NY 10031**

*Rev. 01/2010*                               1

Defendant No. 6

TANNI BAIDYA
CITY COLLEGE OF NEW YORK
NAC 7/202 PSYCHOLOGY DEPARTMENT
160 CONVENT AVENUE
NEW YORK, NY 10031

Defendant No. 2   Name WILLIAM C. THOMPSON JR. Shield #_____
Where Currently Employed CITY UNIVERSITY OF NEW YORK
Address 205 EAST 42nd STREET, 7TH FLOOR
NEW YORK, NY 10017

Defendant No. 3   Name ANTHONY LAPERUTA   Shield #_____
Where Currently Employed CITY COLLEGE OF NEW YORK
Address NAC 4/201
160 CONVENT AVENUE, NEW YORK, NY 10031

> Who did what?

Defendant No. 4   Name WENDY THORNTON   Shield #_____
Where Currently Employed CITY COLLEGE OF NEW YORK
Address WILLIE ADMINISTATION BLDG. ROOM 204
160 CONVENT AVENUE, NEW YORK, NY 10031

Defendant No. 5   Name GEORGE RHINEHART   Shield #_____
Where Currently Employed CITY COLLEGE OF NEW YORK
Address WILLIE ADMINISTATION BLDG. ROOM 207
160 CONVENT AVENUE, NEW YORK, NY 10031

ADDITIONAL SHEET ATTACHED FOR THE DEFENDANT NO. 6

**II.   Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   In what institution did the events giving rise to your claim(s) occur?
THE CITY COLLEGE OF NEW YORK, CUNY

B.   Where in the institution did the events giving rise to your claim(s) occur?
PSYCHOLOGY DEPARTMENT AND PUBLIC SAFETY OFFICE, THE ADMINISTRATION BLDG.

C.   What date and approximate time did the events giving rise to your claim(s) occur?
NOVEMBER 28, 2016, DECEMBER 7, 2016, JANUARY 28, 2017
MARCH 26, 2017

D.   Facts:   ATTACHED PLEASE

> What happened to you?

*Rev. 01/2010*                              2

On November 26, 2016, as a student in the City College of New York, CUNY, I was discriminated against on age and dropped from participating in a research study by an employee of CUNY, Tanni Baidya, a Research Assistant. The age for the program was 18 or older and I was eligible by that criteria based on a sign-up email confirmation of October 20, 2016. Two days later, November 28, 2016, I was arrested, detained, bullied, coerced, intimidated and criminalized by a CUNY campus safety officer, Anthony Laperuta, over two purported malicious emails that threatened to kill the study coordinator and Dr. Robert Melara of psychology department. I was searched without my consent and my electronic devices (computer and cell phone) confiscated in flagrant violation of my fourth amendment rights.

## FALSE ARREST, MALICIOUS PROSECUTION AND CIVIL RIGHTS VIOLATIONS

### A. ANTHONY LAPERUTA

Anthony Laperuta of CUNY Campus Safety Department initiated the malicious prosecution and provided this false and fabricated information from Tanni Baidya to authorities. The malicious emails were simply manufactured with the intent of causing severe harm to me and Mr. Laperuta knowingly and intentionally initiated the malicious prosecution based on my race, color and ethnicity. Contextual cue was enough to have convinced Mr. Laperuta that those emails were not from me. The noticeable difference in the emails' address and my email which I used in signing up for the study, and on this court document is a material fact. I pointed that to Mr. Laperuta while I was being detained, but Anthony Laperuta dismissed this fact, arrested and criminalized me out of malice for what I never did. There was no probable cause for my arrest and Mr. Laperuta lacked probable cause to have arrested and initiated the commencement of criminal proceedings against me. To push forward the false arrest and malicious prosecution with speed, Anthony Laperuta on November 28, 2016, wrote a false report based on these fabricated emails and advised the prosecutor, and authorities of City College of New York, CUNY.

### B. GEORGE RHINEHART, WENDY THORNTON, AND DR. VINCENT BOUDREAU

City College acted on this false information that same day (November 28, 2016), and hastily suspended me temporarily without hearing from me or investigating the matter-denying me the right to a fair hearing and due process. Copies of my suspension letter were sent to the Dean of Student affairs, Wendy Thornton and City College President, Vincent Boudreau. I appealed the suspension upon my release from jail on November 29, 2016, and on December 1, 2016, I met with another CUNY employee, George Rhinehart with the title of a director who also claimed to act on behalf of Dean Wendy Thornton.

This college official participated directly in violating my constitutional rights by compelling and coercing me insisting I sign some documents (self-incriminating) in exchange for a one semester suspension after stating he had received details about the emails' source from the college's public safety department. Self-incrimination is prohibited in the fifth amendment and George Rinehart's action violated my fifth amendment rights. The purpose of compelling and coercing me to sign documents was to use that as evidence to support the false arrest and malicious prosecution case against me. I resisted the pressure, refused to sign the documents and queried why the College has not investigated the matter and pointed to him that the College has

denied me the right to a fair and procedural hearing. Sensing my unwillingness to succumb to their ploy, the official reluctantly agreed to refer the matter to the Student Faculty Disciplinary Committee scheduled to hold on December 9, 2016, which I accepted to attend.

However, the meeting did not hold because Mr. Rhinehart had invited me to his office on December 7, 2016, to inform me about the cancellation and apologized on behalf of Dean Wendy Thornton for the inconveniences caused- the interruption in my program, as well as the College's hasty an unlawful suspension. He stated further that those malicious emails did not originate from my devices as nothing was found linking them to me- the apology was verbal. George Rhinehart's apology establishes my innocence and serves as proof that I was maliciously prosecuted based on my race, color and ethnicity. Thereafter, Mr. Rhinehart asked me to return to school and sent out emails on December 8, 2016, to my professors asking then to readmit me into their classes. In his email of December 7, 2016, captioned "Cancellation of Student Disciplinary Hearing" , Mr. Rhinehart threatened me with a second arrest and restricted my movement to specific areas on campus in violation of my constitutional rights thus: " You are also prohibited from entering into the Psychology Department Research area in NAC Building 7th floor" and continued: "Failure to comply with these orders will result in your immediate arrest.

Again, copies of this email were sent to College officials including Dean Wendy Thornton who was Mr. Rhinehart's supervisor. By cancelling the meeting, the college official usurped the function of a duly constituted committee, became a court of law, and issued orders I must obey and comply with in violation of my constitutional rights to a fair hearing and freedom of movement. Dean Wendy Thornton and President Vincent Boudreau having been fully informed of these constitutional violations of false arrest, malicious prosecution and unlawful suspension failed to remedy these wrongful acts.

## COMPLAINTS WITH CITY COLLEGE, CUNY AND OCR-UNITED STATES DEPARTMENT OF EDUCATION, NEW YORK OFFICE

To correct these wrongdoings meted to me, I filed complaints on discrimination on age, ethnicity, racial profiling, and maltreatment with five City College and CUNY officials on January 3, 5, and the Chancellor on January 31, 2017. As it stands, none of these officials responded to my complaints and the case was never investigated by City College and CUNY. I was further discriminated against as my scholarship was also terminated by Dee Dee Mozeleski, another employee of City College and CUNY via an email of January 23, 2017, citing my involvement in a student disciplinary matter.

Since City College and CUNY did not respond to my complaints, on February 17, 2017, I filed another complaint with the Office for Civil Right (OCR), United States Department of Education, New York Office, who accepted to investigate my complaint. OCR team of Jessica Daye and Jane Momo indicted City College for not responding to my complaints and recommended training for its employees. OCR did not complete the investigation because according to them, City College had opted for a voluntary resolution of the matter, and OCR referred the case back to City College to investigate without my consent. City College opted for a voluntary resolution of the matter in order to escape OCR's wrath on the one hand and to sweep

the matter under the rug on the other. As of today, City College and CUNY never investigated my complaint.

## SECOND FALSE ARREST AND MALICIOUS PROSECUTION

Consistent with Mr. Rhinehart's threat of rearresting me in his email of December 7, 2016, I was rearrested a second time on March 27, 2017, in my former residence in New York over the same malicious emails. That email of December 7, 2016 is a material fact that my arrests and malicious prosecution were all premeditated. In fact, I was scheduled to be rearrested a second time to continue the malicious prosecution based on my race even when I was proven innocent. On March 30, 2017, three days after my second arrest, Mr. Rhinehart sent me another email titled "Possible Student Conduct Violation" in which he stated 'I have received a report you violated the order we issued to you" continuing "the matter would be referred to the Student Faculty Disciplinary Committee". It is factual that college officials have become a court of law that issues orders.

As usual, the committee never met, and the college covered up the matter as they did in the first instance. The second arrest occurred three months after George Rhinehart, acting on behalf of the Dean and City College cleared me of any wrongdoing, apologized, and asked me to return to school. Dean Wendy Thornton having been repeatedly briefed by her subordinate George Rhinehart, did nothing to correct these wrong thereby creating a custom under which unconstitutional practices occurred and allowed the continuance of the unconstitutional violations of my rights by false arrests, malicious prosecution and denial of due process.

## CITY COLLEGE PRESIDENT VINCENT BOUDREAU

On May 17, 2019, I personally wrote a letter to City College President, Dr. Vincent Boudreau and formally drew his attention to the unconstitutional violations of my rights by College employees under his supervision. Copies of this letter were sent to the Dean Student Affairs, Wendy Thornton and the Chancellor of CUNY, Dr. Felix Mates Rodriguez. In the letter, I reminded Dr. Boudreau of the unconstitutional circumstances that surrounded my unlawful arrests, suspension, denial of due process, and malicious prosecution planned and perpetration by College employees. I drew President Boudreau's attention to the role Tanni Baidya, Anthony Laperuta, George Rhinehart and Wendy Thornton played in violating my constitutional rights by fabricating a fake email, having me unlawfully arrested, bullied, coerced, intimidated to sign documents and prosecuting me out of malice.

I pointed to Dr. Boudreau that as a person of color and a minority, these unconstitutional violations were tied to my race and ethnicity. Because President Boudreau did not act to correct these wrongdoings, he exhibited deliberate indifference by refusing to act on information indicating that unconstitutional violations were occurring after being duly informed via several emails and a letter. Secondly, President Boudreau was grossly negligent in supervising subordinates who committed these unconstitutional violations.

## CUNY CHAIRMAN OF BOARD MR. WILLIAM C. THOMPSON JNR.

As the last option in resolving the matter administratively, on July 1, 2019, I wrote another letter to the Chairman of CUNY Board Hon. William C. Thompson Jnr., copying the Vice Chairman Barry Schwartz, and Chancellor Felix Mates Rodriguez. As the highest official in CUNY, I informed Mr. Thompson of my ordeal in City College as well as the violation of my constitutional rights by college employees. I further stated to Mr. Thompson that I was contacting him to correct these wrongs because Dr. Vincent Boudreau, City College President, failed to address them in my letter to him. I informed the Chair that City College employees have invented a novel method of fabricating fake emails and using them to prosecute me maliciously based on my race and ethnicity stating that something has got to be done to prevent them from replicating it on more students especially students of color and minorities. On his part, Mr. Thompson did to act to correct these violations of my constitutional rights by CUNY employees after being duly informed. By this, Mr. Johnson also exhibited deliberate indifference by refusing to act on information indicating that unconstitutional acts occurred.

## AFFIRMATIVE INNOCENCE AND FACTS

The two false arrests cases of November 26, 2016 and March 27, 2017 were dismissed and sealed with certificates of dispositions of June 26, 2017 and May 31, 2017, respectively. The key factor in the dismissal of the cases was that the malicious emails were linked to a CUNY employee, Tanni Baidya's devices. The cases were not only dismissed and sealed; I was proven affirmatively innocent by the court- this is a material fact. This fact was earlier established when on December 7, 2016, George Rhinehart, acting on behalf of Dean Wendy Thornton cleared me of wrongdoing and apologized to me. This fact was also established by the visible difference in the malicious emails' address and my personal email which I pointed to Anthony Laperuta while I was being unlawfully detained. Tanni Baidya intentionally made up those emails and colluded with CUNY employee to cause severe harm to me.

## STATUTE OF LIMITATION AND CIVIL RIGHTS

On the statute of limitation concerning the second arrest of March 27, 2017 with a certificate of disposition of May 31, 2017, and my civil rights claims, I would like to plead for equitable tolling in order to prevent inequity. Secondly, an extraordinary circumstance- the Coronavirus pandemic stood in way of bringing the lawsuit timely. There was a general lockdown in New York City with restrictions of movement and closure of businesses. During the shutdown, I could not access the court nor public libraries in order to use the internet and print the forms needed to file the lawsuit.

## CONCLUSION

Prior to these events, I have not had a history of arrests or any issues with the law and law enforcement. I have been a law-abiding person with a clean record. I was dropped from a study program and lost the credits for the course for the semester. I was unlawfully arrested twice over emails I never sent, suspended, my devices confiscated, and criminalized. I was harmed in very significant ways; my civil rights grossly violated and my records damaged, my movement was

unlawfully restricted, and I have been denied the rights to a fair and procedural hearing. I was severely harmed by two malicious prosecution and imprisonment through the intentional acts of City College and CUNY employees.

During the period of my suspension, I missed classes, tests, exams, presentations and deadlines for paper submissions, and this impacted negatively upon the quality of my grades for that term. The confiscation of my mobile devices crippled my studies. I lost very vital pieces of academic materials and research papers as well as other study-related documents stored in my computer. It also became very difficult for me to continue with my study without my computer in subsequent semesters since I depended on it to do my academic work. In all, I suffered shame, humiliation, embarrassment, pain, as well as emotional distress. Therefore, this lawsuit is to seek relief and redress for the harm done to me.

*ATTACHED PLEASE*

Was anyone else involved?

Who else saw what happened?

### III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

REPUTATIONAL INJURY, EMOTIONAL DISTRESS

### IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ____ No X

I SPENT THE NIGHT OF NOVEMBER 28, 2016, IN JAIL AND WAS RELEASED ON NOVEMBER 29, 2016, AFTER SEEING A JUDGE. ON MARCH 26, 2016, FOLLOWING MY SECOND ARREST, I SPENT NINE HOURS IN JAIL WAITING TO SEE A JUDGE AND I WAS RELEASED.

Rev. 01/2010

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ____   No ____   Do Not Know ____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____   No ____   Do Not Know ____

If YES, which claim(s)?

_____

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____   No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____   No ____

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance?

_____

1. Which claim(s) in this complaint did you grieve?

_____

_____

2. What was the result, if any?

_____

_____

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.

_____

_____

_____

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

_____

_____

*Rev. 01/2010*                                            4

2. If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V. **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). $1 MILLION (ONE MILLION DOLLARS). REVERSAL OF SUSPENSION ON RECORD
BASIS FOR AMOUNT:
① FALSE ARREST BASED ON RACE AND COLOR
② MALICIOUS PROSECUTIONS BASED ON RACE AND COLOR
③ CIVIL RIGHTS VIOLATIONS
④ DAMAGE ON RECORD
⑤ REPUTATIONAL INJURY
⑥ EMBARASSMENT AND HUMILIATION, SHAME
⑦ PAIN AND SUFFERING
⑧ EMOTIONAL DISTRESS

*Rev. 01/2010*        5

_____
_____
_____
_____

**VI.    Previous lawsuits:**

On these claims

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes **X**    No ____

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

   1.   Parties to the previous lawsuit:

   Plaintiff **BASSEY B. NDEMENOH**
   Defendants **ATTORNEY GENERAL FOR NEW YORK STATE**

   2. Court (if federal court, name the district; if state court, name the county) ____
   **COURT OF CLAIMS OF NEW YORK**

   3.   Docket or Index number  **M- 92402**
   4.   Name of Judge assigned to your case **Hon. JEANETTE R-MORICK**
   5.   Approximate date of filing lawsuit **JUNE 11, 2018**
   6.   Is the case still pending? Yes ____ No **X**
        If NO, give the approximate date of disposition **FEBRUARY 21, 2019.**
   7.   What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) **THE LATE CLAIM WAS DENIED BECAUSE DEFENDANT ARGUED THAT THEY WERE NOT SERVED THE MOTION PAPERS EVEN WHEN THEY WERE SERVED.**

On other claims

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
Yes ____   No **X**

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

   1.   Parties to the previous lawsuit:

   Plaintiff _____
   Defendants _____

   2.   Court (if federal court, name the district; if state court, name the county) _____
   _____
   3.   Docket or Index number _____
   4.   Name of Judge assigned to your case _____
   5.   Approximate date of filing lawsuit _____

*Rev. 01/2010*                                    6

6. Is the case still pending? Yes _____ No _____
   If NO, give the approximate date of disposition _____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
   _____
   _____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this **3** day of **SEPTEMBER**, 20 **20**

Signature of Plaintiff _____

Inmate Number — NOT IN PRISON

Institution Address 521 W 126TH STREET
NEW YORK, NY 10027

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this **3** day of **SEPTEMBER**, 20**20** I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____

*Rev. 01/2010*                                            7

Basem K. Ibrahim (?)
35 Amri Road
Ithaca, NY 14850

USMP3
SDNY

RECEIVED
SEP 21 2020
PRO SE OFFICE

Pro Se Intake Unit (Room 200)
United States District Court for the Southern District, New York
500 Pearl Street
New York, New York 10007


