

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

September 15, 2021

**By ECF**
The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Ndemenoh v. Boudreau, et. al.*, 20-cv-04492 (RA)

Dear Judge Abrams:

This Office represents defendants Vincent Boudreau, William C. Thompson, Anthony Laperuta, Wendy Thornton, George Rhinehart, and Tanni Baidya (collectively, "Defendants") in the above-referenced action. I am writing to oppose Plaintiff's letter motion seeking an Order that directs the Clerk of Court to accept the filing of his Second Amended Complaint ("SAC) and to respectfully request that the Court enforce its August 31, 2021 Order, which deemed Defendants' motion to dismiss as unopposed if Plaintiff failed to file an opposition by September 10, 2021.

    **I.**    **Procedural History**

Appearing *pro se*, Plaintiff commenced this action on June 11, 2020. *See* Complaint, ECF No. 1. The Court dismissed Plaintiff's original Complaint *sua sponte* and granted Plaintiff leave to amend within sixty days. *See* Order to Amend, ECF No. 3. Plaintiff timely filed his Amended Complaint on September 21, 2020, and subsequently effectuated proper service on Defendants within the additional sixty-day period granted by the Court on January 27, 2021. *See* Order Extending Time to Effectuate Proper Service, ECF No. 22.

Defendants filed their motion to dismiss the Amended Complaint on April 16, 2021 and the Court set a briefing schedule on April 20, 2021. *See* ECF Nos. 27-29. Pursuant to the Scheduling Order, Plaintiff's opposition was due by May 21, 2021. *See* ECF No. 29. Samuel DePaola appeared on behalf of Plaintiff on April 28, 2021. *See* ECF No. 30.

Since being represented by counsel, Plaintiff requested and received – with Defendants' consent – four extensions of time to file his opposition to Defendants' motion to dismiss. *See* ECF Nos. 32, 34, 36, 38. Yet none of Plaintiff's requests for extensions indicated that he intended to file a SAC. *Id.* Nor did Plaintiff's counsel ever comply with Section 4(C) of Your Honor's Individual Rules of Practice in Civil Cases, which requires the party who is served with a motion to dismiss to "notify

the Court and its adversary in writing whether (i) it intends to file an amended pleading and when it shall do so, or (ii) it will rely on the pleading being attacked" within fourteen days of receipt of the motion. Plaintiff has never provided such a notice in the five months since Defendants filed their motion to dismiss, much less within the requisite fourteen days. Rather, in his second request for an extension, Plaintiff claimed that he needed more time "to draft a meritorious response to the complex set of issues presented, particularly the asserted defenses of statutes of limitations and sovereign immunity." *See* ECF No. 34 at p. 1.

Despite receiving all of these extensions, Plaintiff ultimately missed two consecutive deadlines to file his opposition papers. *See* ECF Nos. 38, 41. After Plaintiff missed his second consecutive filing deadline, the Court issued an Order stating that Defendants' motion to dismiss would be deemed unopposed if Plaintiff did not file an opposition by September 10, 2021. *See* ECF No. 41. Instead of complying with the Court's directive, on September 7, 2021, Plaintiff filed the SAC, naming 15 new defendants and adding 19 new claims under state and federal law, even though he never sought Defendants' consent or leave from the Court to do so. Then, on September 13, 2021, Plaintiff filed a letter motion requesting that the Clerk of the Court be directed to accept the improperly-filed SAC. *See* ECF No. 44. For the reasons described below, Plaintiff's letter motion should be denied and Defendants' motion to dismiss should be deemed unopposed.

## II. The Court Should Deny Leave to Amend a Second Time

Rule 15(a) of the Fed. R. Civ. P. permits amendments more than 21 days after a motion to dismiss has been filed only with opposing counsel's written consent or the Court's leave. Where, as here, a party seeks to amend add parties, Rule 21of the Federal Rules of Civil Procedure governs. *Momentum Luggage & Leisure Bags v. Jansport, Inc.*, 2001 WL 58000, *1-2 (S.D.N.Y. Jan. 23, 2001). When determining whether to permit additional amendments under Rule 15(a) or Rule 21, Courts apply the same standards. *Id.* at *2 (citation omitted).

"'A district court has broad discretion in determining whether to grant leave to amend.'" *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016) (quoting *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000)). And while a "court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend "'should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party.'" *Ladas*, 824 F.3d at 28 (quoting *Burch v. Pioneer Credit Recovery, Inc.* 551 F.3s 122, 126 (2d Cir. 2008)). Thus, "under Fed. R. Civ. P. 15(a), leave to amend a pleading may *only* be given when factors such as undue delay or undue prejudice to the opposing party are absent." *SCS Communs., Inc. v. Herrick Co.*, 360 F.3d 329, 345 (2d Cir. 2004) (emphasis in original). Because these factors are in fact present in this case, Plaintiffs' motion for leave to amend should be denied.

### A. Plaintiff's Proposed Amendments are Futile

"[I]t is well established that leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003). "In this Circuit, an amendment is considered futile if the amended pleading fails to state a claim, or would be subject to a motion to dismiss on some other basis." *Horvath v. Daniel*, 423 F. Supp. 2d 421, 423 (S.D.N.Y. 2006). Here, as set forth in Defendants' currently pending motion to dismiss, Plaintiff's claims in this case are subject to dismissal on several independent grounds, including statute of limitations, failure to state a claim,

and qualified immunity. *See* ECF No. 28. The SAC does nothing to cure these fundamental defects and would be subject to dismissal on the same (and likely additional) grounds. Accordingly, Plaintiff's proposed amendments are futile, and leave to amend should be denied on that basis alone.

### B. Granting Leave to Amend a Second Time Would Unduly Prejudice the Defendants

"Prejudice to the opposing party if the motion is granted has been described as the most important reason for denying a motion to amend." *New Hampshire Ins. Co. v. Total Tool Supply, Inc.*, 621 F. Supp. 2d 121, 123 (S.D.N.Y. 2009) (citations omitted). Courts consider several factors in determining prejudice, including whether assertion of the new claim or defense will unduly delay the resolution of the dispute by substantially changing the theory of the case so as to require the opponent to expend significant additional resources to conduct discovery and prepare for trial." *Quattrone v. Erie 2 Chautauqua-Cattaraugus Bd. of Coop. Educ. Servs.*, 2011 WL 294496, at *3 (W.D.N.Y. Jan. 27, 2011) Thus, prejudice can result if a particular amendment "unfairly expands the scope of the complaint, requires substantial further discovery, or delays the resolution of the case." *Catamount Radiology, P.C. v. Bailey*, 2015 WL 5089104, at *1 (D. Vt. Aug. 27, 2015); *see also Grace v. Rosenstock*, 228 F.3d 40, 54 (2d Cir. 2000) (court can deny leave to amend when the proposed amendments "would unduly delay the course of proceedings by, for example, introducing new issues for discovery"); Barrows v. Forrest Labs., Inc., 742 F.2d 54, 56 (2d Cir. 1984) (affirming denial of leave to amend when, inter alia, the proposed amendments "would significantly expand the scope of discovery").

Here, Plaintiff seeks to name 15 new defendants and to add 19 additional claims. It is evident that these amendments would substantially expand the scope of the case and unduly delay its resolution. Leave to amend should therefore be denied on the basis of prejudice to Defendants.

### C. Plaintiff Unduly Delayed His Amendments

A court can also "deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990). More specifically, "the Court may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay." *New Hampshire Ins. Co.*, 621 F. Supp. 2d at 124 (citations omitted); *see also Indus. Tech. Ventures, L.P. v. Pleasant T. Rowland Revocable Trust*, 280 F.R.D. 86, 93 (W.D.N.Y. 2012) (party was not "sufficiently diligent in seeking to amend the complaint" with respect to allegations regarding information the moving party "knew, or should have known, of at the time the initial complaint was filed"). Moreover, "[t]he burden is on the party who wishes to amend to provide a satisfactory explanation for the delay." *Cresswell*, 922 F.2d at 72.

Despite the expanded length of the SAC and the addition of numerous defendants and claims, the fundamental basis of this lawsuit has not changed since the original complaint was filed over a year ago. Thus, any new allegations or claims in the SAC were known or should have been known to Plaintiff at the time he filed both his original complaint and his Amended Complaint. Indeed, Plaintiff does not claim to have been previously unaware of any new allegations or claims, nor does he offer any explanation as to why he failed to include such allegations and claims in his prior pleadings. Leave to amend should therefore be denied on the basis of Plaintiff's undue delay.

### D. Plaintiff's Attempt to Create a Notice of Appearance Issue is Baseless

Perhaps seeking to distract from his violation of the Court's various rules and orders as described above, Plaintiff has sought to make an issue of the fact that Defendants' attorney has not filed a formal Notice of Appearance in this case. *See* ECF No. 45. However, the existence (or lack) of such a Notice is entirely unrelated to Plaintiff's responsibility to comply with Court-ordered deadlines and the Court's Individual Practices. In any event, there is no requirement to file a Notice of Appearance, and Plaintiff does not cite any such requirement. Moreover, such a Notice was unnecessary here because multiple filings in this case clearly indicate that the Office of the Attorney General represents Defendants. *See* ECF Nos. 24, 27-28, 37. Indeed, Mr. DePaola contacted Defendants' counsel directly to request numerous extensions and, in his own letter to the Court two months ago, referred to her as "Ms. Johane Severin, Esq., counsel for defendants." *See* ECF No. 33. Thus, Plaintiff's transparent attempt to create an issue where none exists should be rejected as baseless.

For the reasons set forth above, Defendants respectfully request that Plaintiff's request for leave to amend be denied and that their pending motion to dismiss be deemed unopposed. Thank you for your time and attention to this matter.

Respectfully submitted,

/s/ Johane Severin
Johane Severin
Assistant Attorney General
(212) 416-8565