Index No. 20 Civ. 04492 (RA)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BASSEY B. NDEMENOH,

Plaintiff,

-against-

CITY OF NEW YORK, et al.,

Defendants.

# HON. SYLVIA O. HINDS-RADIX

*Corporation Counsel of the City of New York*
Attorney for Defendant City of New York
100 Church Street, Room 3-308
New York, New York 10007-2601

*Of Counsel:*   Andrea Osgood
*Tel:* (212) 356-2424
*Email:* aosgood@law.nyc.gov

Matter No. 2022-005372

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................... iii

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ......................................................................................... 1

LEGAL STANDARD................................................................................................. 3

ARGUMENT

      POINT I

           PLAINTIFF'S CLAIMS ARE BARRED BY THE
           APPLICABLE STATUTE OF LIMITATIONS ........................................... 5

           A.    Plaintiff's 42 U.S.C. § 1983 Claims are
                 Untimely .......................................................................................... 5

           B.    The New York State Governor's Executive
                 Orders Should Not be Deemed to Have  Tolled
                 the Statute of Limitations for § 1983 Actions .................................... 8

           C.    Plaintiff's State Law Claims are Untimely
                 Regardless of the COVID-19 Tolls.................................................... 11

           D.    Plaintiff's Claims Do Not Relate Back to the
                 Date the Original Complaint Was Filed ............................................. 12

           E.    Plaintiff's claims are not subject to equitable
                 tolling. ............................................................................................ 15

      POINT II

           PLAINTIFF'S FALSE ARREST AND
           MALICIOUS PROSECUTION CLAIMS FAIL AS
           A MATTER OF LAW .............................................................................. 16

           A.    The SAC Fails to Allege that Portillo, Trotter,
                 Suarez, Moreau, and Hall Were Personally
                 Involved in his November 28, 2016 Arrest ....................................... 16

           B.    Even if the Court Considers the Allegations in
                 the SAC, There Was Probable Cause to Arrest
                 Plaintiff. ......................................................................................... 17

**Page**

    C.    There Was Probable Cause to Prosecute
        Plaintiff. ...........................................................................................19

POINT III

    PLAINTIFF FAILS TO STATE A <u>MONELL</u>
    CLAIM...........................................................................................21

CONCLUSION...........................................................................................24

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                      **Pages**

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)...............................................................................................................3, 4

Back v. Hastings on Hudson Union Free Sch. Dist.,
    365 F.3d 107 (2d Cir. 2004).........................................................................................16

Batista v. Rodriguez,
    702 F.2d 393 (2d Cir. 1983).........................................................................................21

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)................................................................................................4, 23

Bernard v. United States,
    25 F.3d 98 (2d Cir. 1994)............................................................................................19

Betts v. Sherman,
    751 F.3d 78 (2d Cir. 2014)..........................................................................................18

Bey v. City of New York,
    No. 17-CV-3476 (BMC) (JO),
    2017 U.S. Dist. LEXIS 148349 (E.D.N.Y. September 13, 2017)............................................4

Board of Comm'rs of Bryan Cty. v. Brown,
    520 U.S. 397 (1997)....................................................................................................23

Boley v. Durets,
    No. 12-CV-4090 (ARR) (JO),
    2013 U.S. Dist. LEXIS 177862 (E.D.N.Y. Dec. 10, 2013) ...................................................18

Bonilla v. City of New York,
    No 20-CV-1704 (RJD) (LB),
    2020 U.S. Dist. LEXIS 211171 (E.D.N.Y. Nov. 10, 2020)...................................................10

Boyd v. City of New York,
    336 F.3d 72 (2d Cir. 2003)..........................................................................................20

Bumpus v. N.Y. City Transit Auth.,
    66 A.D. 3d 26 (App. Div. 2d Dep't. 2009.) ...........................................................................14

Calamia v. City of New York,
    879 F.2d 1025 (2d Cir. 1989).......................................................................................18

Caldarola v. Calabrese,
    297 F.3d 156 (2d Cir. 2002).........................................................................................18

**Cases**                                                                              **Pages**

City of Los Angeles v. Heller,
    475 U.S. 796 (1986)......................................................................................................21

Connick v. Thompson,
    131 S. Ct. 1350 (2011).................................................................................................23

Cuevas v. City of New York,
    07 Civ. 4169 (LAP)
    2009 U.S. Dist. LEXIS 114984 (S.D.N.Y. Dec. 7, 2009) ......................................21

Cunningham v. City of New York,
    04 Civ. 10232,
    2007 U.S. Dist. LEXIS 69801 (S.D.N.Y. Sept. 18, 2007)......................................20

Curley v. Village of Suffern,
    268 F.3d 65 (2d Cir. 2001)........................................................................................19

Denton v. Hernandez,
    504 U.S. 25 (1992)........................................................................................................4

Desuze v. Ammon,
    990 F3d 264 (2d Cir. 2021)........................................................................................15

Devenpeck v. Alford,
    543 U.S. 146 (2004)....................................................................................................17

Dunham v. City of New York,
    295 F. Supp. 3d 319 (S.D.N.Y. 2018)......................................................................11

Dupree v. Pough,
    454 F Supp 2d 166 (S.D.N.Y. 2006)........................................................................15

Ellul v. Congregation of Christian Bros.,
    774 F.3d 791 (2d Cir. 2014)........................................................................................4

Ferguson v. City of New York,
    No. 22 Civ. 01000 (KPF),
    2022 U.S. Dist. LEXIS 26519 (S.D.N.Y. Feb. 4, 2022)........................................10

Fisher v. County of Nassau,
    No. 10-CV-0677(JS) (ETB),
    2011 U.S. Dist. LEXIS 118269 (E.D.N.Y. Oct. 13, 2011)....................................12

Fleming v. City of New York,
    18-CV-4866 (GBD),
    2019 LEXIS 147808 (S.D.N.Y Aug. 27, 2019)..............................................22, 24

**Cases**                                                          **Pages**

Gallop v. Cheney,
    642 F.3d 364 (2d Cir. 2011)......................................................................4

Green v. Westchester Cty.,
    No. 19 Civ. 307 (NSR),
    2020 U.S. Dist. LEXIS 171470 (S.D.N.Y. September 18, 2020)..........................11

Hadid v. City of New York,
    730 F. App'x 68 (2d Cir. 2018) ..................................................................5

Hagans v. Nassau Cnty. Police Dep't,
    No. 18-CV-1918 (JS),
    2020 U.S. Dist. LEXIS 47090 (E.D.N.Y. Mar. 18, 2020) ........................6

Harris v. City of New York,
    186 F.3d 243 (2d Cir. 1999)......................................................................5

Hart v. City of N.Y.,
    No. 11 Civ. 4678 (RA),
    2013 U.S. Dist. LEXIS 129990 (S.D.N.Y. 2018)...................................11

Hogan v. Fischer,
    738 F.3d 509 (2d Cir. 2013)........................................................5, 12, 14

Horvath v. Daniel,
    423 F. Supp. 2d 421 (S.D.N.Y. 2006).......................................................11

Hughes v. Lasalle Bank, N.A.,
    No. 02 Civ. 6384 (MBM) (HBP),
    2004 U.S. Dist. LEXIS 3403 (S.D.N.Y. Mar. 4, 2004) .........................23

Iowa Pub. Employees' Ret. Sys. V. MF Global, Ltd.,
    620 F.3d 137 (2d Cir. 2010).......................................................................4

James v. New York City Police Dep't,
    No. 16-CV-5682 (CBA),
    2019 U.S. Dist. LEXIS 126896 (E.D.N.Y. Mar. 1, 2019).....................15

Janetka v. Dabe,
    892 F.2d 187 (2d Cir. 1989).......................................................................6

Jenkins v. Green,
    630 F.3d 298 (2d Cir. 2010)......................................................................16

**Cases**                                                                                        **Pages**

Johnson v. City of New York,
    No. 18 Civ. 5623 (ALC),
    2020 U.S. Dist. LEXIS 102870 (S.D.N.Y. June 11, 2020).......................................6

Kaplan v. City of New York,
    No. 14 Civ. 4945 (RJS),
    2017 U.S. Dist. LEXIS 225416 (S.D.N.Y. Jan. 26, 2017)......................................7

Kayo v. Mertz,
    531 F. Supp. 3d 774 (S.D.N.Y 2021)........................................................................22

Lawson v. Rochester City Sch. Dist.,
    446 F. App'x 327 (2d Cir. 2011) ................................................................................6

Littlejohn v. City of New York,
    795 F.3d 297 (2d Cir. 2015)......................................................................................16

Liverpool v. Davis,
    442 F. Supp. 3d 714 (S.D.N.Y. 2020) ......................................................................14

Lowth v. Town of Cheektowaga,
    82 F.3d 563 (2d Cir. 1996).......................................................................................20

Manganiello v. City of New York,
    612 F.3d 149 (2d Cir. 2010).....................................................................................20

Marshall v. Port Auth. Of N.Y. & N.J.,
    2020 U.S. Dist. LEXIS 172567,
    No. 19 Civ. 2168 (S.D.N.Y. Sept. 21, 2020) .........................................................22

Milan v. Wertheimer,
    808 F.3d 961 (2d Cir. 2015)......................................................................................5

Modos Chofetz Chaim, Inc. v. RBS Citizens, N.A.,
    14 F.Supp.3d 191 (S.D.N.Y. 2014) ...........................................................................5

Monell v. Dep't of Social Services,
    436 U.S. 658 (1978)..................................................................................................21

Ndemenoh v. City Univ. of N.Y. (CUNY) City Coll.,
    180 A.D.3d 576 (1st Dept. 2020).............................................................................12

Nelkenbaum v. New York,
    No. 19 Civ. 7953 (CM),
    2019 U.S. Dist. LEXIS 185780 (S.D.N.Y. Oct. 25, 2019) ....................................17

**Cases**                                                                    **Pages**

Noskov v. Roth,
    No. 19 Civ. 7431 (RA),
    2020 U.S. Dist. LEXIS 126411 (S.D.N.Y. July 17, 2020) ......................................................4

O'Brien v. Alexander,
    101 F.3d 1479 (2d Cir. 1996)..........................................................................................20

Oklahoma City v. Tuttle,
    471 U.S. 808 (1985)..........................................................................................................21

Ormiston v. Nelson,
    117 F.3d 69 (2d Cir. 1997)...............................................................................................5

Owens v. Okure,
    488 U.S. 235 (1989)..........................................................................................................5

Paige v. Police Dept. of City of Schenectady,
    264 F.3d 197 (2d Cir. 2001).............................................................................................5

Palmer v. City of New York,
    315 F. App'x 350 (2d Cir. 2009) .....................................................................................6

Pani v. Empire Blue Cross Blue Shield,
    152 F.3d 67 (2d Cir. 1998)...............................................................................................4

Parker v. City of New York,
    No. 05 Civ. 1803 (PKC) (GWG),
    2008 U.S. Dist. LEXIS 791 (S.D.N.Y. Jan. 7, 2008).......................................................22

Pearl v. City of Long Beach,
    296 F.3d 76 (2d. Cir. 2002)..............................................................................................5

Rudaj v. Treanor,
    522 F. App'x 76 (2d Cir. 2013) ......................................................................................16

Santiago v. Miller,
    180 F. Supp. 2d 471 (S.D.N.Y. 2001)...............................................................................15

Shak v. JPMorgan Chase & Co.,
    156 F.Supp.3d 462 (S.D.N.Y. 2016)..................................................................................5

Silver v. Kuehbeck,
    No. 05 Civ. 35, 2005 U.S. Dist. LEXIS 26956 (S.D.N.Y. Nov. 7, 2005) ...........................20

Singer v. Fulton Cnty. Sheriff,
    63 F.3d 110 (2d Cir. 1995)...............................................................................................18

**Cases**                                                                                          **Pages**

Singleton v. City of New York,
    632 F.2d 185 (2d Cir. 1980),
    cert. denied, 450 U.S. 920 (1981) ...............................................................................5

Soto v. Brooklyn Corr. Facility,
    80 F.3d 34 (2d Cir. 1996)...............................................................................14, 15

Stansbury v. Wertman,
    721 F.3d 84 (2d Cir. 2013)...................................................................................20

Tangreti v. Bachmann,
    983 F.3d 609 (2d Cir. 2020)................................................................................16

Thea v. Kleinhandler,
    807 F.3d 492 (2d Cir. 2015)..................................................................................4

Tirado v. City of NY,
    No. 19 Civ. 10377 (LAK) (SN),
    2021 U.S. Dist. LEXIS 14406 (S.D.N.Y. Jan. 25, 2021).......................................12

United States v. Pabon,
    871 F.3d 164 (2d Cir. 2017)................................................................................20

Valdiviezo v. Boyer,
    752 F. App'x 29 (2d Cir. 2018) ..........................................................................21

Velez v. City of New York,
    No. 17 Civ. 9871 (GHW),
    2019 U.S. Dist. LEXIS 128836 (S.D.N.Y. Aug. 1, 2019).....................................23

Weyant v. Okst,
    101 F.3d 845 (2d Cir. 1996),
    cert. denied, 528 U.S. 946 (1999) .......................................................................17

Wray v. City of New York,
    490 F.3d 189 (2d Cir. 2007)................................................................................21

**Statutes**

42 U.S.C. § 1983.................................................1, 5, 6, 7, 8, 9, 10, 14, 15, 16, 17, 19, 21

CPLR § 203........................................................................................................12, 13

CPLR § 1024......................................................................................................12, 13

Fed. R. Civ. P. 12(b)(6)......................................................................................1, 3, 4, 24

**<u>Statutes</u>**                                                                                        **<u>Pages</u>**

Fed. R. Civ. P. 15...................................................................................................12

Fed. R. Civ. P. 15(c)(1)......................................................................................12, 13

Gen. Mun. Law § 50-I..........................................................................................11

Gen. Mun. Law § 50-e(1)(a)...............................................................................11

Gen. Mun. Law § 50-h.........................................................................................3

N.Y. Penal Law § 215.50(3).................................................................................18

N.Y. Penal Law § 240.26(1).................................................................................18

N.Y. Penal Law § 240.30(1)(a)............................................................................18

## PRELIMINARY STATEMENT

Plaintiff Bassey B. Ndemenoh ("plaintiff") brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against the City of New York ("City"), Ramon Portillo, Albert Trotter, Guillermo Suarez, Donice Moreau, and Louron Hall,[1] alleging a slew of constitutional violations stemming from his arrests on November 28, 2016 and March 26, 2017 and the prosecutions that followed. Defendants now move to dismiss the Second Amended Complaint ("SAC") in its entirety, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that: (1) plaintiff's Section 1983 and New York State Law claims are barred by the statute of limitations; (2) plaintiff's false arrest and malicious prosecution claims fail as a matter of law; and (3) plaintiff's municipal liability claim against defendant City fails as a matter of law.

## STATEMENT OF FACTS[2]

Plaintiff, proceeding *pro se*, first commenced this action pursuant to 42 U.S.C. § 1983 on June 11, 2020. In his Complaint, plaintiff named the City University of New York ("CUNY"), CUNY President Vincent Boudreau, and the New York State Attorney General as defendants and asserted claims of discrimination, false arrest, and malicious prosecution stemming from his arrests on November 28, 2016 and March 26, 2017. See Complaint, ECF No. 1. The Complaint alleged that on November 28, 2016, plaintiff was "arrested, bullied, coerced, intimidated, and criminalized by a CUNY campus safety officer" after he was accused of sending two threatening emails to members of the CUNY City College Psychology Department after plaintiff was denied participation in a study. Id., Page 5. Plaintiff claimed that he was again arrested on March 26, 2017

---

[1] This office does not represent defendants Ramon Portillo, Albert Trotter, Guillermo Suarez, Donice Moreau, and Louron Hall. As a result, this motion is not made on their behalf; however, all of the claims against them should be dismissed by the Court *sua sponte* for the reasons stated herein.
[2] The facts alleged in the SAC are accepted as true herein solely for the purposes of this motion.

"over the same malicious emails," but that ultimately, both prosecutions were dismissed and sealed after it was proven that the emails were sent by CUNY employee, Tanni Baidya. Id., Page 7.

On August 4, 2020, the Court *sua sponte* dismissed plaintiff's Complaint and concluded that most of plaintiff's claims were time-barred by the statute of limitations; that plaintiff failed to allege how defendants New York State Attorney General and CUNY President Vincent Bourdreau were personally involved in this action; that Plaintiff's claims against CUNY were barred by the Eleventh Amendment; and that Plaintiff failed to specifically identify the defendants who maliciously prosecuted him. See Order to Amend, ECF No. 3. However, because Plaintiff was appearing *pro se*, the Court granted Plaintiff sixty days' leave to amend his Complaint. Id.

On September 21, 2020, Plaintiff filed the First Amended Complaint ("FAC"), which was largely similar to the original Complaint, except for the fact that it named five additional defendants affiliated with CUNY. See First Amended Complaint, ECF No. 4. On April 28, 2021, Samuel C. DePaola appeared in this case as counsel on behalf of Plaintiff. See Notice of Appearance, ECF No. 30. On September 24, 2021, approximately fifteen (15) months after the filing of the initial Complaint and one year after the filing of the FAC, Plaintiff filed the SAC. See Second Amended Complaint, ECF No. 51. The SAC named, for the very first time, the City and New York City Police Department ("NYPD") officers Portillo, Trotter, Suarez, Moreau, and Hall as defendants, and set forth twenty-three (23) causes of action including, but not limited to, claims of First Amendment retaliation, unlawful search and seizure, false arrest, excessive force, malicious prosecution, denial of the right to a fair trial and due process, failure to intervene, and municipal liability under New York State and Federal law. See Id.  The SAC fails to allege, however, that a Notice of Claim was filed regarding plaintiff's claims brought pursuant to New

York State Law or that a hearing pursuant to General Municipal Law § 50-h was held. <u>See generally</u> <u>Id.</u>

Mirroring the factual allegations of plaintiff's two prior complaints, the SAC alleges that plaintiff's claims arise out of his arrests on November 28, 2016 and March 26, 2017. <u>Id.</u> Plaintiff alleges that he was arrested on November 28, 2016 upon being falsely accused of sending threatening emails to CUNY employees, Tanni Baidya and Robert Melara, after a dispute over his participation in a psychology study at the college. <u>Id.</u> at ¶¶ 29, 40-41.  Plaintiff further claims that these purportedly false charges brought against him were later dismissed in his favor, yet he fails to articulate the basis for the dismissal. <u>Id.</u> at ¶ 59. Plaintiff also fails to address how, or if, defendants Portillo, Trotter, Suarez, Moreau, and Hall were involved in his November 28, 2016 arret. <u>See generally</u> <u>Id.</u>

Plaintiff further alleges that he was arrested for a second time on March 26, 2017 for sending threatening emails to Tanni Baidya in violation of an active order of protection. <u>Id.</u> at ¶ 69. The SAC also alleges that these charges were later dismissed because it was determined that Tanni Baidya created a fake email account and sent herself threatening emails that purported to be from plaintiff. <u>Id.</u> at ¶¶ 72-73. He further claims that these emails were linked to Baidya's IP address. <u>Id.</u> at ¶ 74.

## **LEGAL STANDARD**

Federal Rule of Procedure 12(b)(6) allows for a pleading to be dismissed when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In order to survive a motion to dismiss under Federal Rule of Procedure 12(b)(6), a complaint must contain a "short and plain statement of the claim" that, if accepted as true, "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662,

677-78 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007)).  The factual allegations of the complaint must be more than speculative and must show the grounds upon which a plaintiff is entitled to relief beyond "labels and conclusions, and a formulaic recitation of a cause of action's elements." <u>Twombly</u>, 550 U.S. at 555. The pleading must include facts that articulate more than "a sheer possibility that a defendant has acted unlawfully." <u>Ashcroft</u>, 556 U.S. at 678.

Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  <u>Iqbal</u>, 556 U.S. at 678. Further, "mere conclusory statements", "threadbare recitals of the elements of a cause of action," or allegations that are "'clearly baseless'… 'fanciful,' 'fantastic,' or 'delusional'" need not be considered as fact. <u>Gallop v. Cheney</u>, 642 F.3d 364, 368 (2d Cir. 2011) (quoting <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992)); <u>Bey v. City of New York</u>, No. 17-CV- 3476 (BMC) (JO) 2017 U.S. Dist. LEXIS 148349 (E.D.N.Y. September 13, 2017) (granting dismissal where unsupported allegations of widespread conspiracy carried out by fellow employees rendered plaintiff's claims implausible).

Finally, affirmative defenses may be raised in a pre-answer Rule 12(b)(6) motion if "the defense appears on the face of the complaint." <u>Iowa Pub. Employees' Ret. Sys. V. MF Global</u>, Ltd., 620 F.3d 137, 145 (2d Cir. 2010) (citing <u>Pani v. Empire Blue Cross Blue Shield</u>, 152 F.3d 67, 74 (2d Cir. 1998)). This includes the defense that the statute of limitations has expired. <u>See</u> <u>Noskov v. Roth</u>, No. 19 Civ. 7431 (RA), 2020. U.S. Dist. LEXIS 126411, *9-10 (S.D.N.Y. July 17, 2020) (citing <u>Thea v. Kleinhandler</u>, 807 F.3d 492, 501 (2d Cir. 2015) (quoting <u>Ellul v. Congregation of Christian Bros.</u>, 774 F.3d 791, 798 n.12 (2d Cir. 2014)). "Dismissing claims on statute of limitations grounds at the complaint stage 'is appropriate only if a complaint clearly

shows the claim is out of time.'" <u>Id</u>. at *10 (citing <u>Shak v. JPMorgan Chase & Co.</u>, 156 F.Supp.3d 462, 474 (S.D.N.Y. 2016) (quoting <u>Harris v. City of New York</u>, 186 F.3d 243, 250 (2d Cir. 1999)); <u>see also</u> <u>Modos Chofetz Chaim, Inc. v. RBS Citizens, N.A.</u>, 14 F.Supp.3d 191, 209 (S.D.N.Y. 2014) ("Because the defendants bear the burden of establishing the expiration of the statute of limitations as an affirmative defense, a pre-answer motion to dismiss on this ground may be granted only if it is clear on the face of the complaint that the statute of limitations has run.") (alterations internal quotation marks, and citation omitted).  The existence of probable cause in a Section 1983 action is another affirmative defense that can be raised in a pre-answer motion to dismiss if the existence of probable cause is "apparent from the face of the complaint." <u>Hadid v. City of New York</u>, 730 F. App'x 68, 71 (2d Cir. 2018).

## **ARGUMENT**

### **POINT I**

### **PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS**

**A.      Plaintiff's 42 U.S.C. § 1983 Claims are Untimely**

It is well established that the statute of limitations applicable to Section 1983 claims is three years. <u>See</u> <u>Owens v. Okure</u>, 488 U.S. 235, 250-51 (1989); <u>Paige v. Police Dept. of City of Schenectady</u>, 264 F.3d 197, 199 n.2 (2d Cir. 2001). The date on which a Section 1983 action accrues is governed by federal law, <u>Ormiston v. Nelson</u>, 117 F.3d 69, 71 (2d Cir. 1997), which provides that an action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." <u>Pearl v. City of Long Beach</u>, 296 F.3d 76, 80 (2d. Cir. 2002); <u>Singleton v. City of New York</u>, 632 F.2d 185, 191 (2d Cir. 1980), cert. denied, 450 U.S. 920 (1981); <u>Hogan v. Fischer</u>, 738 F.3d 509, 517 (2d Cir. 2013) ("Section 1983 actions filed in New York are... subject to a three-year statute of limitations."); <u>Milan v. Wertheimer</u>, 808 F.3d 961, 963 (2d Cir. 2015)

(holding that the statute of limitations on a Section 1983 claim begins to run "from the time a 'plaintiff knows or has reason to know of the injury' giving rise to the claim"). Thus, "[f]or a claim of false arrest, the statute of limitations 'begins to run at the time the claimant becomes detained pursuant to legal process.'" Hagans v. Nassau Cnty. Police Dep't, No. 18-CV-1918 (JS), 2020 U.S. Dist. LEXIS 47090, at *12 (E.D.N.Y. Mar. 18, 2020) (citations omitted). "The same is true for claims of failure to intervene, [and] unlawful search and seizure." Id.; see also Lawson v. Rochester City Sch. Dist., 446 F. App'x 327, 329 (2d Cir. 2011) (summary order) (holding municipal liability claim accrues when "the plaintiff becomes aware that [he] is suffering from a wrong for which damages may be recovered."); Johnson v. City of New York, No. 18 Civ. 5623 (ALC), 2020 U.S. Dist. LEXIS 102870 at *5 (S.D.N.Y. June 11, 2020) (stating that excessive force claims accrue on the date the excessive force occurred). A claim for malicious prosecution accrues, however, when the case that forms the basis for the plaintiff's Section 1983 claim terminates in his favor. Janetka v. Dabe, 892 F.2d 187, 189 (2d Cir. 1989) (stating that "favorable termination . . . is a prerequisite to the commencement of the action"); see generally Palmer v. City of New York, 315 F. App'x 350 (2d Cir. 2009).

Plaintiff's myriad Section 1983 claims arise from his arrests on November 28, 2016 and March 26, 2017. All of plaintiff's Section 1983 claims relating to his November 28, 2016 arrest, except for malicious prosecution, accrued on November 28, 2016 because that was the date that plaintiff knew or had reason to know of his injuries giving rise to these claims. Thus, the statute of limitations for all of those causes of action would have expired three years later, on or about November 28, 2019. Plaintiff did not bring this action against the City or the individually named NYPD officers until September 24, 2021 – twenty-two months past the expiration of the statute of limitations. As such these claims must be dismissed as untimely.

Plaintiff's Section 1983 malicious prosecution claim relating to his November 28, 2016 arrest would have accrued on date that the criminal prosecution terminated. According to the SAC, the charges relating to this arrest were dismissed on June 26, 2017, meaning that the statute of limitations would have expired on or about June 26, 2020. Although plaintiff's complaint was initially filed on June 11, 2020, he did not name the City of New York or Portillo, Trotter, Suarez, Moreau and Hall until he filed the SAC on September 24, 2021 – fifteen months after the statute of limitations expired. See Kaplan v. City of New York, No. 14 Civ. 4945 (RJS), 2017 U.S. Dist. LEXIS 225416 at *3-4 (S.D.N.Y. Jan. 26, 2017) (denying plaintiff's request to amend the complaint to add a party after the statute of limitations had expired). As such, this claim should also be dismissed as untimely.

All of plaintiff's Section 1983 claims, except for malicious prosecution, relating to his March 26, 2017 arrest would have accrued on March 26, 2017, which was the date that he knew or had reason to know of his injuries giving rise to these claims. The statute of limitations, therefore, would have expired three years later on or about March 26, 2020. Plaintiff brought this action approximately three months after the expiration of the statute of limitations and did not file the SAC until eighteen (18) months later. For this reason, and for the foregoing reasons, these claims should be dismissed as untimely. Plaintiff's Section 1983 malicious prosecution claim relating to this arrest would have accrued on May 31, 2017. Thus, the statute of limitations on that claim expired on or about May 31, 2020, approximately twelve days before plaintiff filed this action and sixteen (16) months before plaintiff filed the SAC. As such, this claim should also be dismissed as untimely.

7

**B.    The New York State Governor's Executive Orders Should Not be Deemed to Have Tolled the Statute of Limitations for § 1983 Actions.**

To the extent plaintiff intends to argue that his claims against the City, Portillo, Trotter, Suarez, Moreau, and Hall are saved by the Executive Orders of Governor Andrew Cuomo during the COVID-19 pandemic, he is incorrect.  By its terms, the Governor's tolling orders were meant to apply to the state courts rather than to federal litigants. Regardless, even if the Court chooses to apply the Governor's tolling orders to this action, plaintiff's claims are still time barred.

On March 20, 2020, Governor Cuomo signed Executive Order 202.8, which stated that "[i]n accordance with the directive of the Chief Judge of the State to limit court operations to essential matters during the pendency of the COVID-19 health crisis, any specific time limit for the commencement, filing, or service of any legal action […] is hereby tolled."  See March 20, 2020 New York State Executive Order No. 202.8, annexed to Osgood Decl. as Ex. "A." However, the specific context and express intent under which the relevant Executive Orders were issued demonstrates that federal courts should not apply their tolling provisions in Section 1983 actions.

The Governor's March 20, 2020, Order tolled the statute of limitations in a broader effort to facilitate state-wide closures, including state court closures, and to allocate state resources to fight the COVID-19 health crisis. Id. Indeed, the plain-language of the Executive Order demonstrates that the tolling of the statute of limitations in state court actions was effected in "accordance with the directive of the Chief Judge of the State to limit court operations to essential matters during the pendency of the COVID-19 health crisis."  See id.  On March 22, 2020, the New York State Chief Administrative Judge of the Court, the Honorable Lawrence K. Marks, signed AO/78/20, which stated that "no papers shall be accepted for filing **by a county clerk or a court** in any matter of the type not included on the list of essential matters […] This directive

applies to both paper and electronic filings."  See AO/78/20, annexed to Osgood Decl. as Ex. "B" (emphasis added).

In comparison, while orders were issued by the Southern District of New York suspending jury trials, generally directing that appearances be held by either video or telephone conference whenever possible, and limiting courthouse access in accordance with health and safety protocols, overall activity was not completely curtailed for "non-essential" activities in the same manner as the state courts.  See 3/20/2020 Memorandum to the Southern District of New York Bar, 3/27/2020 Standing Order re: Suspension of Local Rule 6, and 4/20/2020 Standing Order re: Suspension of Jury Trials as a result of Covid-19, respectively, annexed to Osgood Decl. as Ex. "C – E."  Indeed, Edward Friedland, the District Court Executive of the Southern District, issued a Memorandum to the Southern District of New York Bar on March 20, 2020, indicating that certain logistical changes would occur concerning court operations within the Southern District, but specifically stated that the Clerk's Office would remain open, **would continue to accept new civil filings**, and that cases would still be assigned to judges.  See Ex. C at p. 3 "Civil and Miscellaneous Case Openings" (emphasis added).

Given the plain language of the Governor's Executive Order, and considering the clear difference in circumstances between the federal and state courts, this Court should decline to extend the Governor's Executive Orders for purposes of tolling the statute of limitations in Section 1983 cases filed in the federal courts. While the Executive Order unquestionably tolled actions brought in state court and made clear by its express terms that it was enacted to limit state court operations to essential matters, it made no mention of actions brought in federal court and the federal courts continued to operate regarding all its usual matters and activities.

Furthermore, importantly, plaintiff did not intend to take advantage of the tolling orders since he filed the original complaint herein on June 11, 2020 – during the time that the tolling orders were in place.  As such, plaintiff should not reap the benefits of the tolling statutes simply because he belatedly decided to name additional defendants.

However, even if this Court applies Governor Cuomo's tolling orders to the instant matter, the claims set forth in the SAC against the City and the individually named officers are nevertheless barred by the statute of limitations.[3] See Ferguson v. City of New York, No. 22 Civ. 01000 (KPF), 2022 U.S. Dist. LEXIS 26519 (S.D.N.Y. Feb. 4, 2022) (holding the that toll applies to Section 1983 actions); Bonilla v. City of New York, No 20-CV-1704 (RJD) (LB), 2020 U.S. Dist. LEXIS 211171 (E.D.N.Y. Nov. 10, 2020). Executive Order 202.8 tolled the applicable statute of limitations from March 20, 2017 to November 3, 2020, when the order expired. Thus, plaintiff's claims that accrued on March 26, 2017 and that were set to expire on March 26, 2020, were tolled by six (6) days, meaning that when the clock started running again on November 4, 2020, the statute of limitations expired on November 10, 2020. Plaintiff's claims that accrued on May 31, 2017 and were set to expire on May 31, 2020, were tolled by seventy-two (72) days, so the statute of limitations expired on January 15, 2021. Finally, plaintiff's claims that accrued on June 26, 2017 and were set to expire on June 26, 2020, were tolled by ninety-eight (98) days, meaning that the statute of limitations expired on February 10, 2021. Thus, even applying Governor Cuomo's tolling orders, all of plaintiff's Section 1983 claims expired well before the filing of the SAC on September 24, 2021.

---

[3] To be clear, any claims arising from plaintiff's arrest on November 28, 2016, with the exception of the alleged malicious prosecution claim, would not be subject to the Governor Cuomo's tolling orders since the statute of limitations for any such claims expired on or about November 28, 2019, well before the tolling orders were first issued in March 2020.

**C.**     **Plaintiff's State Law Claims are Untimely Regardless of the COVID-19 Tolls.**

Under New York State law, an action brought against a municipality is subject to a ninety-day deadline to serve a Notice of Claim, and a further one year and ninety-day statute of limitations in which to file an action. See Gen. Mun. Law § 50-I; Dunham v. City of New York, 295 F. Supp. 3d 319, 329 (S.D.N.Y. 2018) (citing Hart v. City of N.Y., No. 11 Civ. 4678 (RA), 2013 U.S. Dist. LEXIS 129990, *11 (S.D.N.Y. 2018)). The requirement to serve a Notice of Claim in such municipal actions is "strictly construed by New York state courts," and failure to comply requires dismissal of state law claims. Dunham, 295 F. Supp. 3d at 329 (S.D.N.Y. 2018).

In the instant matter, the SAC does not allege that a Notice of Claim was ever served with respect to plaintiff's claims against the City and/or the individually named officers. That fact alone is grounds for dismissal. See Second Amended Complaint, ECF No. 51; See Green v. Westchester Cty., No. 19 Civ. 307 (NSR), 2020 U.S. Dist. LEXIS 171470, *11 (S.D.N.Y. September 18, 2020) (dismissal of state law claim for failure to allege compliance with the Notice of Claim requirements set forth in NY GML § 50-i); Horvath v. Daniel, 423 F. Supp. 2d 421, 423 (S.D.N.Y. 2006) ("[a] plaintiff must plead in the complaint that …the Notice of Claim was served….).[4]

Assuming *arguendo* that plaintiff did timely comply with General Municipal Law § 50-I, plaintiff's state law claims are nevertheless time-barred. Regarding the claims stemming from plaintiff's arrests on November 28, 2016 and March 26, 2017, the one year and ninety-day statute of limitations period expired on or about February 26, 2018 and June 24, 2018, respectively. Regarding plaintiff's malicious prosecution claims, the statute of limitations period expired on or

---

[4] Indeed, it does not appear that plaintiff ever filed a Notice of Claim. Should the Court determine that plaintiff's state law claims are not time-barred, plaintiff's state law claims should nevertheless be dismissed for his failure to comply with General Municipal Law § 50-e(1)(a). See Dunham v. City of New York, 295 F. Supp. at 329 (denying plaintiff's motion to include state law claims because plaintiff failed to comply with the notice of claim requirement).

about September 24, 2018 and August 29, 2018, respectively. Plaintiff's claims pursuant to New York State Law thus expired well before the filing of the SAC on September 24, 2021, or even the original complaint on June 11, 2020, and well before the tolling of any statute of limitations pursuant to Governor Cuomo's Executive Orders. As such, plaintiff's state law claims should be dismissed in their entirety as untimely.[5]

**D.      Plaintiff's Claims Do Not Relate Back to the Date the Original Complaint Was Filed.**

To name a new defendant after the statute of limitations has expired, a plaintiff must show that either federal or applicable state relation-back doctrines permit such an amendment.  See FRCP 15, Advisory Comm. Notes 1991.  Under FRCP 15(c)(1), an amended complaint does not relate back to the date the original complaint was filed unless, among other things, the new party knew or should have known that "but for a mistake of identity, the original action would have been brought against it."  Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013).  Under New York State law, there are two relation back doctrines—CPLR §§ 203 and 1024.  See Tirado v. City of NY, No. 19 Civ. 10377 (LAK) (SN), 2021 U.S. Dist. LEXIS 14406, at *42-48 (S.D.N.Y. Jan. 25, 2021).  Like FRCP 15(c)(1), CPLR § 203 requires a plaintiff to show that he did not name the new defendant in the original complaint due to a "mistake of identity."  Id. at *42-43 (S.D.N.Y. Jan. 25, 2021) (citing Fisher v. County of Nassau, No. 10-CV-0677(JS) (ETB), 2011 U.S. Dist. LEXIS 118269, at *14-15 (E.D.N.Y. Oct. 13, 2011).  Notably, CPLR § 1024 applies only where the

---

[5] In February 2019, plaintiff moved in the Court of Claims of the State of New York to file his New York State Law claims late. His motion was denied. In affirming the denial of plaintiff's motion, the Appellate Division First Department held that plaintiff's claims were clearly time-barred and that, even if plaintiff were allowed to file his claims late, his case would not survive on the merits because "there was probable cause for his arrests." See Ndemenoh v. City Univ. of N.Y. (CUNY) City Coll., 180 A.D.3d 576 (1st Dept. 2020).  The Court should take judicial notice of this decision.

plaintiff **named a John Doe** defendant in the original complaint and subsequently proceeded against that defendant under his real name.  Id. at * 44-48 (emphasis added).

Here, plaintiff's claims against the City, Portillo, Trotter, Suarez, Moreau, and Hall are untimely because the SAC—the first pleading in which these defendants were named—does not relate back to the plaintiff's original Complaint or the FAC.  Neither Rule 15(c)(1) nor CPLR § 203 apply because Plaintiff cannot show that he failed to name these defendants in the original Complaint or the FAC due to a mistake of identity.  Plaintiff made no mention of the NYPD in either complaint. Furthermore, it is clear that Plaintiff intended to name only CUNY and Vincent Boudreau, and not the City or any NYPD officers, in the original Complaint since his prayer for relief is "reversal of suspension on my records" and the facts he alleged pertained solely to CUNY and CUNY employees. See Complaint, ECF No. 1, Page 6. To be sure, plaintiff addressed the circumstances surrounding his November 28, 2016 arrest but accused a CUNY public safety officer of the unlawful conduct. See Complaint, ECF No. 1, Page 5. Similarly, the FAC focused entirely on plaintiff's claims against CUNY and its employees, who were the only named defendants. See First Amended Complaint, ECF No. 4.  Plaintiff did not make even the slightest mention of the NYPD in either complaint, nor did plaintiff name any John Doe defendants, and thus his claims also do not relate back under CPLR § 1024.  Id.

Moreover, the SAC does not relate back pursuant to Rule 15(c)(1) because the newly added defendants did not have constructive notice of the claims against them. Since neither the Complaint nor the FAC mention the City or NYPD, there would be no way for Portillo, Trotter, Suarez, Moreau, or Hall to reasonably infer that plaintiff intended to assert claims against them.  Likewise, the City had no constructive notice of any lawsuit because the original Complaint and FAC do not reference any unlawful policy of the City whatsoever.

A plaintiff's "failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." Hogan v. Fischer, 738 F.3d 509, 518 (2d Cir. 2013). If plaintiff had named John Doe officers in his prior complaints, which he of course did not, the relation-back doctrine would only apply if "the plaintiff [] diligently s[ought] the unknown defendant's identity prior to the expiration of the statute of limitations." Bumpus v. N.Y. City Transit Auth., 66 A.D. 3d 26, 29030 (App. Div. 2d Dep't. 2009.)  This is because courts are keen to prevent plaintiffs from "circumvent[ing] New York's three-year statute of limitations by filing a complaint against a John Doe defendant within the three-year window, and then amending the complaint to name the defendant at a later time." Liverpool v. Davis, 442 F. Supp. 3d 714, 724 (S.D.N.Y. 2020). The sheer "lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'" Hogan, 738 F.3d at 518. Regardless, at no point did plaintiff name John Doe defendants and nothing in the record suggests that plaintiff made any efforts to identify the NYPD officers allegedly involved in his arrests, or that he had any intent to do so. Again, the clear target of both of plaintiff's initial complaints is CUNY and its employees. Accordingly, plaintiff's claims against the City, Portillo, Trotter, Suarez, Moreau, and Hall do not relate back to the original complaint filed on June 11, 2020, under either federal or New York State law and the Court should dismiss said defendants from this matter.

Finally, Plaintiff's failure to name the City as a defendant in the Complaint is not an excusable mistake of law.  In Soto v. Brooklyn Corr. Facility, 80 F.3d 34, 37 (2d Cir. 1996), the plaintiff brought claims under Section 1983 solely against the Brooklyn Correctional Facility arising from an alleged attack by other inmates, without realizing "he was required to sue the individual defendants to maintain an action arising out of the January 1991 attack." Soto v. Brooklyn Corr. Facility, 80 F.3d 34, 37 (2d Cir. 1996) (italics omitted).  In applying Soto, Courts

in the Second Circuit have held that a plaintiff does not make a mistake of law within the meaning of the relation back doctrine unless his claim is insufficient because he failed to name a party.  See, e.g., Dupree v. Pough, 454 F Supp 2d 166, 174 (S.D.N.Y. 2006) (holding that the plaintiff's claims did not relate back because, unlike in Soto, "plaintiff's original complaint was entirely sufficient without a Section 1983 claim against the Division of Parole.")  Just as the original complaint in Dupree was sufficient to state a Section 1983 claim without the Division of Parole being named as a defendant, Plaintiff's original Complaint in this case was sufficient to state a Section 1983 claim without the addition of the City of New York.  Accordingly, it cannot be said that Plaintiff's failure to name the City as a defendant in the original Complaint is an excusable mistake of law.

**E.      Plaintiff's claims are not subject to equitable tolling.**

To the extent that plaintiff will ask the Court to apply equitable tolling to this case because he was appearing *pro se* when he filed the Complaint and FAC, the Court should decline to do so because plaintiff's *pro se status*, standing alone, is not an extraordinary circumstance warranting such tolling.   "A statute of limitations may be equitably tolled as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights, that is, in a situation where a plaintiff could show that it would have been <u>impossible</u> for a reasonably prudent person to learn about his or her cause of action."  Desuze v. Ammon, 990 F3d 264, 271 (2d Cir. 2021) (citations and internal quotations omitted).  In applying this standard, courts in the Second Circuit have found that a combination of *pro se* status and legal blindness are insufficient to merit equitable tolling.  See Santiago v. Miller, 180 F. Supp. 2d 471, 473-74 (S.D.N.Y. 2001); see also James v. New York City Police Dep't, No. 16-CV-5682 (CBA), 2019 U.S. Dist. LEXIS 126896, at *10-11 (E.D.N.Y. Mar. 1, 2019) (denying equitable tolling for *pro se* plaintiff who claimed a knee injury and PTSD).

Here, the Court should not apply equitable tolling because plaintiff cannot demonstrate that he was prevented in any way from exercising his rights, nor can he show that, despite his diligent efforts, an extraordinary circumstance prevented him from learning about the causes of action against the newly added defendants or the City. See Jenkins v. Green, 630 F.3d 298, 302 (2d Cir. 2010). The record is clear that plaintiff did exercise his rights. There are approximately 29 entries on the docket from when plaintiff was proceeding *pro se*, demonstrating that he was actively litigating this case over the span of approximately ten (10) months. As such, plaintiff's *pro se* status, with nothing more, does not constitute an extraordinary circumstance and the Court should decline to apply equitable tolling in this case. Rudaj v. Treanor, 522 F. App'x 76, 77 (2d Cir. 2013).

## POINT II

### PLAINTIFF'S FALSE ARREST AND MALICIOUS PROSECUTION CLAIMS FAIL AS A MATTER OF LAW

**A.   The SAC Fails to Allege that Portillo, Trotter, Suarez, Moreau, and Hall Were Personally Involved in his November 28, 2016 Arrest.**

Assuming arguendo that the Court considers the allegations in the SAC, which it should not, plaintiff's claims relating to his November 28, 2016 arrest should be dismissed in their entirety as they pertain to Portillo, Trotter, Suarez, Moreau, and Hall because the complaint does not sufficiently allege how these defendants were personally involved in the events surrounding plaintiff's arrest on that date. To state a claim against a municipal officer under 42 U.S.C. § 1983, a plaintiff must allege that the officer was personally involved in the purported constitutional deprivation. Tangreti v. Bachmann, 983 F.3d 609, 616 (2d Cir. 2020); Littlejohn v. City of New York, 795 F.3d 297, 314 (2d Cir. 2015) (stating that an individual may only be held liable under Section 1983 if it is established that the individual was "personally involved in the alleged deprivation") (citing Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d

Cir. 2004).  A plaintiff cannot meet his pleading obligations merely by naming a defendant in the complaint. Nelkenbaum v. New York, No. 19 Civ. 7953 (CM), 2019 U.S. Dist. LEXIS 185780, at *7-8 (S.D.N.Y. Oct. 25, 2019) (holding that the plaintiff did not adequately allege that two police officers, one sergeant, and 20 John Doe officers were personally involved in his alleged false arrest where he merely named them in the caption).

Here, defendants Portillo, Trotter, Suarez, Donice, and Hall are not mentioned at all in the factual portion of plaintiff's SAC that deals with plaintiff's November 28, 2016 arrest.  See Second Amended Complaint, ECF No. 51 ¶¶ 29-61. Instead, plaintiff merely names them in the caption of the SAC and then makes cursory allegations such as "[they] did not possess probable cause or other justification for the arrest or seizure of Mr. Ndemenoh's person or personal effects on any date, including November 28, 2016 and March 26, 2017" later in the SAC under the heading "General Violations of Mr. Ndemenoh's Civil Rights." See Id., ¶75. A conclusory allegation such as this is insufficient to withstand a motion to dismiss since it fails to show how any of these defendants were involved in this particular arrest and prosecution, and as such plaintiff's claims should be dismissed as to the November 28, 2016 arrest.

**B.**     **Even if the Court Considers the Allegations in the SAC, There Was Probable Cause to Arrest Plaintiff.**

Plaintiff's false arrest claims relating to both incidents should be dismissed because there was probable cause for his arrests on November 28, 2016 and March 26, 2017. To state a false arrest claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that "the defendant intentionally confined him without his consent and without justification." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996), cert. denied, 528 U.S. 946 (1999).  Probable cause is a complete defense to a false arrest claim under the Fourth Amendment. Devenpeck v. Alford, 543 U.S. 146, 152-154 (2004).   An officer has probable cause where he has "knowledge or reasonably

trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Calamia v. City of New York, 879 F.2d 1025, 1032 (2d Cir. 1989). "A report of a crime by a complaining witness can establish probable cause for an arrest 'absent circumstances that raise doubts as to the victim's veracity.'" Boley v. Durets, No. 12-CV-4090 (ARR) (JO), 2013 U.S. Dist. LEXIS 177862, at*13-14 (E.D.N.Y. Dec. 10, 2013) (citing Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 119 (2d Cir. 1995)); see also Betts v. Sherman, 751 F.3d 78, 82 (2d Cir. 2014). In determining whether there was probable cause for an arrest, courts must consider the facts that were available to the officer at the time of the arrest and immediately before it. Caldarola v. Calabrese, 297 F.3d 156, 162 (2d Cir. 2002).

In New York, an Officer may arrest an individual for attempted Aggravated Harassment in the Second Degree when he has probable cause to believe that the individual, with an intent to harass another person, communicates with such person "by computer, or any other electronic means . . . a threat to cause physical harm to or unlawful harm to the property of such person or a member of such person's same family or household . . . and the actor knows or reasonably should know that such communication will cause such person to reasonably fear harm to such person's physical safety or property, or the physical safety or property of a member of such person's same family or household." N.Y. Penal Law § 240.30(1)(a). An officer may arrest an individual for Criminal Contempt in the Second degree when he has probable cause to believe that the individual "intentional[ly] disobe[yed] or resist[ed] [] the lawful process or other mandate of a court." N.Y. Penal Law § 215.50(3). Finally, an officer can arrest an individual for Harassment in the Second Degree when he has probable cause to believe that "with intent to harass, annoy, alarm or threaten another person" that individual "strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same." Penal Law § 240.26(1).

18

Plaintiff concedes that he was arrested on November 28, 2016 "for sending threatening emails to Tanni Baidya and Dr. Robert Melara." <u>See</u> Second Amended Complaint, ECF No. 51, ¶ 40. Because plaintiff was arrested as a result of a report generated by a complaining witness, there was probable cause to arrest him for Aggravated Harassment.

Plaintiff also concedes that, on March 26, 2017, he was arrested and charged "on the basis of a complaint by defendant Baidya." <u>See</u> Second Amended Complaint, ECF No. 51, ¶ 68. Therefore, again, there was probable cause to arrest plaintiff based on the allegations of the complaining victim. Further, plaintiff's assertion that Baidya was lying when she made the report does not undermine that there was probable cause for plaintiff's arrest. As long as there was no reason for the officers to doubt Baidya's veracity, they were entitled to rely on her report as a crime victim in establishing probable cause to arrest plaintiff. <u>See</u> <u>Curley v. Village of Suffern</u>, 268  F.3d 65, 70 (2d Cir. 2001) ("[w]hen information is received from a putative victim or an eyewitness, probable cause exists . . . unless the circumstances raise doubt as to the person's veracity") (internal citations omitted); <u>Bernard v. United States</u>, 25 F.3d 98, 102 (2d Cir. 1994) (holding that "probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information").   As the SAC is devoid of any non-speculative factual allegations tending to suggest that there was a reason to doubt Baidya's veracity, plaintiff's false arrest claims must be dismissed.

**C.    There Was Probable Cause to Prosecute Plaintiff.**

Plaintiff's malicious prosecution claims fail for the same reason that his false arrest claims fail – because there was probable cause for his November 28, 2016 and March 26, 2017 arrests and subsequent prosecutions. To state a claim for malicious prosecution under Section 1983, a plaintiff must establish that: the defendant initiated a prosecution against the plaintiff; the defendant lacked probable cause to believe the proceeding would succeed; the defendant acted

with malice; the prosecution terminated in plaintiff's favor; and there was a post-arraignment deprivation of liberty sufficient to implicate the plaintiff's Fourth Amendment rights. See O'Brien v. Alexander, 101 F.3d 1479, 1484 (2d Cir. 1996); Cunningham v. City of New York, 04 Civ. 10232 (LBS), 2007 U.S. Dist. LEXIS 69801 at *12 (S.D.N.Y. Sept. 18, 2007).

"Because lack of probable cause is an element of malicious prosecution, 'the existence of probable cause is a complete defense to a claim of malicious prosecution.'" Stansbury v. Wertman, 721 F.3d 84, 94-5 (2d Cir. 2013) (citing Manganiello v. City of New York, 612 F.3d 149, 161-62 (2d Cir. 2010)). Probable cause is determined at the time that the prosecution against a plaintiff is initiated and has been defined as "such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." Boyd v. City of New York, 336 F.3d 72, 76 (2d Cir. 2003); Silver v. Kuehbeck, No. 05 Civ. 35 (RPP), 2005 U.S. Dist. LEXIS 26956 at *55 (S.D.N.Y. Nov. 7, 2005) (citations omitted). It is possible for evidence to appear at a later time that eliminates probable cause. Lowth v. Town of Cheektowaga, 82 F.3d 563, 571 (2d Cir. 1996) (holding that "[i]n order for probable cause to dissipate, the groundless nature of the charges must be made apparent by the discovery of some intervening fact"). However, police are not under any specific Fourth Amendment obligation to "continually reevaluate whether the available evidence still definitively supports the initial probable cause determination." United States v. Pabon, 871 F.3d 164, 176 (2d Cir. 2017).  Here, since there was probable cause for both of plaintiff's arrests and the SAC does not allege that the police had a reason to believe, at the time of plaintiff's arrests, that Baidya was lying or that the evidence she provided was fabricated, plaintiff's malicious prosecution claims should be dismissed.

**POINT III**

**PLAINTIFF FAILS TO STATE A <u>MONELL</u> <u>CLAIM</u>**

To hold a municipality liable under of Section 1983, a plaintiff must establish that the municipality itself was somehow at fault. <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808, 810 (1985); <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658, 690-91 (1978) (liability exists only where "action pursuant to official municipal policy of some nature caused a constitutional tort"). A plaintiff must establish that an official policy or custom of the municipality, or a failure to train, caused the plaintiff to be subjected to a denial of a constitutional right. <u>Wray v. City of New York</u>, 490 F.3d 189, 195 (2d Cir. 2007)) (quoting <u>Batista v. Rodriguez</u>, 702 F.2d 393, 397 (2d Cir. 1983)); <u>Valdiviezo v. Boyer</u>, 752 F. App'x 29, 31 (2d Cir. 2018). It is not enough that the municipality simply employed a tortfeasor. <u>Monell</u>, 436 U.S. at 691. Furthermore, "[a] 'general and conclusory allegation' of a municipal policy or custom fails to state a facially plausible <u>Monell</u> claim." <u>Valdiviezo</u>, 752 F. App'x at 31; <u>see also</u> <u>Cuevas v. City of New York</u>, 07 Civ. 4169 (LAP) 2009 U.S. Dist. LEXIS 114984, at *10-12 (S.D.N.Y. Dec. 7, 2009) (boilerplate allegations against City "heavy on descriptive language," but "light on facts" does not satisfy the pleading requirements set forth in <u>Iqbal</u>).

Here, first, because plaintiff's claims against the individual NYPD officer defendants are without merit, his <u>Monell</u> claims against the City must fail as well. <u>E.g.</u>, <u>City of Los Angeles v. Heller</u>, 475 U.S. 796, 799 (1986). As set forth in Point II, *supra*, because the individually named defendant officers were not personally involved in the November 28, 2016 arrest and/or because there was probable cause to arrest and prosecute plaintiff on both November 28, 2016 and March 26, 2017 based on the allegations of the complaining victim, there can be no viable claim for the

denial of a constitutional right.  As such, plaintiff's municipal liability claim fails on this basis alone.[6]

Nonetheless, second, plaintiff has not identified any municipal policy that could serve as the basis of a <u>Monell</u> claim. Instead, plaintiff makes conclusory assertions, including, for example, that defendants "who violated plaintiff's civil rights, are part of a larger pattern and practice of similar misconduct, which is so widespread, pervasive, and consistent throughout the NYPD and the CITY that the commission [of] such constitutionally violative behavior has become tantamount to an official policy or custom[.]" <u>See</u> Second Amended Complaint, ECF No. 51, ¶ 102; <u>see</u> <u>also</u> ¶¶ 265, 266. Plaintiff's boilerplate assertion falls far short of specifically identifying an official policy or custom, as plaintiff must in order to survive dismissal. <u>See</u> <u>Fleming v. City of New York</u>, 18-CV-4866 GBD, 2019 LEXIS 147808, at *21 (S.D.N.Y Aug. 27, 2019) (dismissing plaintiff's <u>Monell</u> claim holding that "[p]laintiff does not explain which facts, other than her son's alleged experiences in prison, support her belief that his alleged deprivation of rights is part of the [City's] existing 'customs, patterns, or practices'") (citations omitted).  Furthermore, crucially, the SAC all but admits that plaintiff cannot identify a municipal policy or custom and, instead, suggests that plaintiff may be able to do so after conducting discovery.  <u>See</u>, <u>e.g.</u>, Second Amended Complaint,

---

[6] In fact, all of plaintiff's federal claims fail. First, plaintiff's First Amendment retaliation claim fails because plaintiff does not allege any facts indicating how his rights under the First Amendment were violated or how the individually named police officers retaliated against him. Second, plaintiff's Equal Protection and Conspiracy to Interfere with Civil Rights claims fail because plaintiff does not plead facts demonstrating that he was discriminated against on the basis of his race.  Third, plaintiff's Denial of Right to a Fair Trial claim fails because plaintiff has failed to allege what evidence was fabricated by the police defendants. <u>See</u> <u>Kayo v. Mertz</u>, 531 F. Supp. 3d 774, 800 (S.D.N.Y 2021). Fourth, plaintiff's Abuse of Process claim fails because plaintiff has not identified what collateral objective the police defendants had when arresting him. <u>See</u> <u>Marshall v. Port Auth. Of N.Y. & N.J.</u>, 2020 U.S. Dist. LEXIS 172567, No. 19 Civ. 2168 at *22 (S.D.N.Y. Sept. 21, 2020).  Finally, plaintiff's Excessive Force claim fails because he has not articulated any facts suggesting the police defendants used any force against him and/or that he sustained any injury beyond conclusory statements that he suffered pain and discomfort. <u>See</u> <u>Parker v. City of New York</u>, No. 05 Civ. 1803 (PKC) (GWG), 2008 U.S. Dist. LEXIS 791 at *18 (S.D.N.Y. Jan. 7, 2008).

ECF No. 51, ¶ 107 ("[u]pon information and belief, further details and facts, relating to the unlawful policies, customs or patterns and practices…will become known after the completion of discovery"). Discovery is not a fishing expedition and should not be used as a means to try to discern whether a claim in fact exists. See Hughes v. Lasalle Bank, N.A., No. 02 Civ. 6384 (MBM) (HBP), 2004 U.S. Dist. LEXIS 3403 at *4 (S.D.N.Y. Mar. 4, 2004) ("A litigant may not use discovery to determine whether there is a cause of action."). Use of discovery as a tool to address even a "claim just shy of a plausible entitlement to relief" is inappropriate. Twombly, 550 U.S. at 559.

Moreover, third, plaintiff's conclusory assertions that defendants "have become deliberately indifferent to the civil rights of those who may have come in contact [with] their police officers" and that they have not provided "adequate training regarding the identification of probable cause" does not meet the standard for a Monell claim. See Second Amended Complaint, ECF No. 51, ¶¶ 102, 104. "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Connick v. Thompson, 131 S. Ct. 1350, 1360 (2011) (citing Board of Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 410 (1997). From a pleading standpoint, demonstrating that a municipal official "disregarded a known or obvious consequence of his action" requires that plaintiff allege facts tending to show a pattern of similar constitutional violations by police officers and prosecutors that went unaddressed by the City. Id. Nowhere in the complaint does plaintiff set forth facts demonstrating a pattern of constitutional violations similar to what he complains of.  Also, in order to plausibly allege a municipal liability claim based on failure to train, plaintiff must, at a minimum, identify specific shortcomings in the City's training – which plaintiff has not done.  See Velez v. City of New York, No. 17 Civ. 9871 (GHW), 2019 U.S. Dist. LEXIS 128836 at *17

(S.D.N.Y. Aug. 1, 2019) (holding that a plaintiff must "identify a specific deficiency in the city's training program and establish that the deficiency is closely related to the ultimate injury") (internal citations omitted); <u>Fleming</u> 2019 LEXIS 147808, at *23 (stating that a "simple recitation that there was a failure to train municipal employees does not suffice to allege that a municipal custom or policy caused the plaintiff's injury") (internal citations omitted). Accordingly, plaintiff's municipal liability claim must be dismissed.

<u>**CONCLUSION**</u>

For the reasons stated herein, Defendant City of New York respectfully requests that the Court dismiss Plaintiffs' Second Amended Complaint as against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendant City also respectfully requests that the Court *sua sponte* dismiss the claims set forth against Defendants Ramon Portillo, Albert Trotter, Guillermo Suarez, Donice Moreau, and Louron Hall.

Dated:  New York, New York
    March 10, 2022

        HON. SYLVIA O. HINDS-RADIX
        Corporation Counsel of the City of New York
        *Attorney for Defendants City of New York*
        100 Church Street, Room 3-308
        New York, New York 10007
        (212) 356-2424

      By:  /s/ *Andrea Osgood*___
        Andrea Osgood
        *Assistant Corporation Counsel*