UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BASSEY B. NDEMENOH,<br><br>                    Plaintiff,<br><br>          -against-<br><br>CITY UNIVERSITY OF NEW YORK, *et al.*,<br><br>                    Defendants. | Docket No. 20-cv-4492 (RA) |

## MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO DISMISS THE SECOND AMENDED COMPLAINT BY DEFENDANT CITY OF NEW YORK

# TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………..…………………………………………3

PRELIMINARY STATEMENT……………………………………………….……..5

STATEMENT OF FACTS……………………………………..……………………...5

STANDARD OF REVIEW…………...…...………………………………...……….……......6

ARGUMENT…………………...…………………...………………………………….…….........7

    I.    <u>Plaintiff's Claims Are Not Barred by the Applicable
        Statutes of Limitations</u>……………………………….………………......….…7

        A.    Plaintiff's Claims Are Subject to Deferred Accrual Rule
               Under *Heck v. Humphrey* and *McDonough v. Smith*……………………..…..…..7

        B.    Plaintiff's Claims Were Tolled 229 Days Pursuant to
               Executive Order……………………………………………………...……...…9

        C.    Plaintiff's Claims Against the City Relate Back to the
               Initial Complaint……………………………………………………………....11

    II.    <u>The Arrests and Prosecutions of Plaintiff
        Lacked Probable Cause</u> …………………………………………...…...…..........13

CONCLUSION …………...………………………………………………………...…...13

# TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………..…………………………………………3

PRELIMINARY STATEMENT……………………………………………….……..5

STATEMENT OF FACTS……………………………………..……………………...5

STANDARD OF REVIEW…………...…...………………………………...……….……......6

ARGUMENT…………………...…………………...………………………………….…….........7

    I.    <u>Plaintiff's Claims Are Not Barred by the Applicable
        Statutes of Limitations</u>……………………………….………………......….…7

        A.    Plaintiff's Claims Are Subject to Deferred Accrual Rule
               Under *Heck v. Humphrey* and *McDonough v. Smith*……………………..…..…..7

        B.    Plaintiff's Claims Were Tolled 229 Days Pursuant to
               Executive Order……………………………………………………...……...…9

        C.    Plaintiff's Claims Against the City Relate Back to the
               Initial Complaint……………………………………………………………....11

    II.    <u>The Arrests and Prosecutions of Plaintiff
        Lacked Probable Cause</u> …………………………………………...…...…..........13

CONCLUSION …………...…………………………………………………………...…...16

# TABLE OF AUTHORITIES

## **Cases**

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)……………………………………………………..….....……..7

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007)……………………………………………………......,………7

*Boyd v. City of New York*
336 F.3d 72 (2d Cir. 2003)………………………………………...........…......14

*Board of Regents v. Tomanio*
446 U.S. 478 (1980)………………………………………………………....10

*Brash v. Richards*
195 A.D.3d 582 (2d Dep't 2021)……………………………………………...10

*Caldarola v. Calabrese*
298 F.3d 156 (2d Cir. 2002) ………………………………..…...........................14, 15

*Devenpeck v. Alford*
543 U.S. 146 (2004) ………………………………………….……….…...14

*Dufort v. City of New York*
874 F.3d 338 (2d Cir. 2017)…………………………………………….…….15

*Golino v. City of New Haven*
950 F.2d 864 (2d Cir. 1991)………………………..…......……………………..….14

*Heck v. Humphrey*
512 U.S. 477 (1994)………..……………………………...…..……….…..…..7 8, 9

*Jocks v. Tavernier*
316 F.3d 128 (2d Cir. 2003)…………………………………….………....13, 14, 15, 16

*Krupski v. Costa Crociere S. P. A.*
560 U.S. 538 (2010)…………………………………..…...……………..12, 13

*Lewis v. Caputo*
95 A.D.3d 262, 269 (1st Dep't 2012) ……………….....………………….…….15

*Maryland v. Pringle*
540 U.S. 366 (2003)…………..…………………………...…..…….…..……....14

*Matter of Orozco v. City of New York*
      200 A.D.3d 559 (1st Dep't 2021)……………………………………………………14

*McCarthy v. Dun & Bradstreet Corp.*
      482 F.3d 184 (2d Cir. 2007)……………………………………………………....6

*McDonough v. Smith*
      139 S. Ct. 2149 (2019)…………………………………………..…………...7, 8

*Panetta v. Crowley*
      460 F.3d 388 (2d Cir. 2006)…………………………...……….…………….14, 15

*People v. Valles*
      62 N.Y.2d 36 (N.Y. 1984)………………………………………….…………15

*Posr v. Doherty*
      944 F.2d 91 (2d Cir. 1991)…………………………………….……...…..14

*Smalls v. Collins*
      10 F.4th 117 (2d Cir. 2021) ………………..,……...……………………..…….8

*Smith v. County of Nassau*
      34 N.Y.2d 18 (N.Y. 1974) ………………………………….…...……....…..…14

*United States v. Sokolow*
      490 U.S. 1 (1989)………...……………………………….……...…………..15

*Walczyk v. Rio*
      496 F.3d 139 (2d Cir. 2007) ………..………………………….……………..…15

*Wallace v. Kato*
      549 U.S. 384 (2007)………………………………………….……………...……10

*Weyant v. Okst*
      101 F.3d 845 (2d Cir. 1996) ……………………………………...……...…..14

## **Statutes**

9 NYCRR § 8.202.8-72………………………………………………………...…..9

42 U.S.C. § 1983………………………………………………………….......passim

Fed. R. Civ. P 12(b)(6)……………………………………………...…....6-7

Fed. R. Civ. P. 15(c)………………………………………….…..11, 12, 13

N.Y. Crim. P. Law § 160.50………………………………………...………...10, 11

## PRELIMINARY STATEMENT

The Plaintiff, Mr. Bassey B. Ndemenoh ("Mr. Ndemenoh"), respectfully submits the following Memorandum of Law in opposition to the Motion to Dismiss the Second Amended Complaint filed by Defendant City of New York, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Second Amended Complaint ("SAC") brings claims pursuant to section 1983, of Title 42 to the Code of Laws of the United States and charges defendants with acting under color of state law in violation of Plaintiff's civil rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, in addition to the of the City and State of New York.

For the reasons that follow, Mr. Ndemenoh respectfully submits that the Motion to Dismiss the SAC be denied in its entirety; together with such other or further relief as this Court may deem just and proper.

## STATEMENT OF FACTS

Plaintiff's claims stem from his arrest in New York County on November 28, 2016, and his arrest in Bronx County on March 26, 2017. As a result of Plaintiff's wrongful arrests by defendants on November 28, 2016, and March 26, 2017, he was unlawfully detained for periods of twenty-six (26) hours and twelve (12) hours, respectively.

Plaintiff was thereafter subjected to successive criminal prosecutions charging him with Aggravated Harassment in the Second Degree and other related offenses in the counties of New York and Queens. The New York County prosecution was initiated by defendants upon the filing of the criminal court complaint with the Criminal Court of the City of New

York, County of New York, on, or about, November 29, 2016, and was terminated in favor of Plaintiff on June 26, 2017. The Queens County prosecution was caused to be initiated by defendants on, or about, March 26, 2017, and was terminated in favor of Plaintiff on May 31, 2017. Both criminal prosecutions were dismissed and sealed on the merits, pursuant to section 160.50 of the New York Criminal Procedure Law, after the dearth of probable cause to support his two arrests, as well as the criminal prosecutions that ensued, was conclusively established along Mr. Ndemenoh's innocence of all adverse charges.

On November 28, 2016, and March 26, 2017, Plaintiff was arrested and thereafter criminally prosecuted by NYPD police officers without probable cause. Said NYPD police officers lacked probable cause to arrest or criminal prosecute Plaintiff because they failed to properly investigate the allegations against him, despite being in possession of information or evidence that impugned the reliability of the allegations against him by Defendant Tanni Baidya.

## STANDARD OF REVIEW

In deciding a motion to dismiss the complaint pursuant to Rule 12(b)(6), the allegations in the complaint must be accepted as true, and all reasonable inferences must be drawn in favor of the nonmoving party or the plaintiff. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The sufficiency of a complaint, within the context of a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), is

predicated on the presence of a "claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Claims will be upheld, provided the plaintiff plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

## ARGUMENT

### I.   Plaintiff's Claims Are Not Barred by the Applicable Statutes of Limitations

#### A.   Plaintiff's Claims Are Subject to Deferred Accrual Rule Under *Heck v. Humphrey* and *McDonough v. Smith*

Ordinarily, the statute of limitations applicable to Plaintiff's § 1983 claims for each false arrest would have expired three (3) years after his respective arraignments, November 27, 2019, for his arrest in New York County, and March 26, 2020, for his arrest in Bronx County. It is respectfully submitted, however, that Plaintiff's § 1983 claims relative to his New York County and Bronx County arrests did not begin to accrue until the related criminal prosecutions were favorably terminated on June 26, 2017, and May 31, 2017, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and *McDonough v. Smith*, 139 S. Ct. 2149 (2019).

In *Heck v. Humphrey*, the Supreme Court held that a plaintiff alleging § 1983 claims, including those sounding in false arrest, could not commence suit, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" *Heck v.*

*Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court explicitly stated its deferred accrual rule was applicable to § 1983 claims for false arrest "whose successful prosecution would necessarily imply that the plaintiff's criminal conviction was wrongful" *Heck v. Humphrey*, 512 U.S. 477, 488 n.6 (1994).

Although, the decision in *Heck* applied only to extant convictions, the Supreme Court, in *McDonough v. Smith*, 139 S. Ct. 2149 (2019), extended *Heck's* reach to ongoing criminal prosecutions. In *McDonough*, the Supreme Court held that a plaintiff does not possess "a complete and present cause of action for the loss of his liberty only once the criminal proceedings against him terminated in his favor." *McDonough v. Smith*, 139 S. Ct. 2149, 2159 (2019). Accordingly, *McDonough* broadened the application of the deferred accrual rule to include ongoing prosecutions, in addition to existing criminal convictions.

The Second Circuit confirmed this extension of *Heck* to include ongoing criminal prosecutions in *Smalls v. Collins*, 10 F.4th 117 (2d Cir. 2021), stating that "*McDonough* simply extended *Heck's* favorable termination requirement to ongoing prosecutions under circumstances that implicate *Heck*'s pragmatic concerns for finality and consistency." *Smalls v. Collins*, 10 F.4th 117, 143 (2d Cir. 2021). The Second Circuit explained that "*McDonough* extended *Heck* to section 1983 fabricated-evidence claims filed during an ongoing prosecution because allowing such suits would impugn the basis for a pending prosecution and 'impermissibly risk parallel litigation and conflicting judgments.'" *Smalls v. Collins*, 10 F.4th 117, 142 (2d Cir. 2021) (quoting *McDonough v. Smith*, 139 S. Ct. 2149, 2160 (2019)).

Here, Plaintiff's arrests and criminal prosecutions relied upon identical sources of information and evidence, the allegations of Defendant Tanni Baidya. Consequently, the

successful prosecution of Plaintiff's § 1983 claims for false arrest necessarily would have impugned the validity of his then ongoing criminal prosecutions and therefore be subject to the deferred accrual rule first espoused in *Heck v. Humphrey*. Plaintiff's § 1983 claims relative to his arrests on November 26, 2016, and March 26, 2017, therefore, did not accrue, until the related criminal proceedings were terminated in his favor on June 26, 2017, and May 31, 2017, respectively.

**B.    Plaintiff's Claims Were Tolled 229 Days Pursuant to Executive Order**

It is further submitted that the statutes of limitations applicable to Plaintiff's § 1983 claims stemming from his arrests in the counties of New York and Bronx were thereafter tolled, pursuant to the executive orders promulgated by former Governor Andrew M. Cuomo, until February 10, 2021, and January 15, 2021, respectively.

On March 20, 2020, former Governor of New York, Andrew M. Cuomo, issued Executive Order No. 202.8, which tolled all New York statutes of limitations from March 20, 2020, until April 19, 2020. 9 NYCRR § 8.202.67. Said toll was subsequently extended via nine (9) successive executive orders through November 3, 2020. *See* Executive Order [A. Cuomo] Nos. 202.14, 202.28, 202.38, 202.48, 202.55, 202.55.1, 202.60, 202.67, 202.72; 9 NYCRR §§ 8.202.14, 8.202.28, 8.202.38, 8.202.48, 8.202.55, 8.202.55.1, 8.202.60, 8.202.67, 8.202.72.

The tolling period was terminated on November 3, 2020, with the issuance of Executive Order No. 202.72, stating that the toll would no longer be in effect as of November 4, 2020. Executive Order [A. Cuomo] No. 202.72; 9 NYCRR § 8.202.72. Accordingly, said executive orders tolled all New York statutes of limitations for 229 days, from March 20, 2020, up to, and including, November 3, 2020.

The Appellate Division of the Supreme Court of the State of New York for the Second Judicial Department thereafter held that Governor Cuomo's executive orders effectively tolled, as opposed to extended, all New York statutes of limitations. *Brash v. Richards*, 195 A.D.3d 582 (2d Dep't 2021).

It is well-settled that the statutes of limitations applicable to § 1983 claims are derived or borrowed from "the law of the State in which the cause of action arose." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Moreover, the Supreme Court has consistently held "that this 'borrowing' logically included rules of tolling." *Board of Regents v. Tomanio*, 446 U.S. 478, 485 (1980). "In § 1983 actions [] a state statute of limitations and the coordinate tolling rules are more than a technical obstacle to be circumvented if possible. In most cases, they are binding rules of law." *Board of Regents v. Tomanio*, 446 U.S. 478, 484 (1980). Consequently, courts are "obligated not only to apply the analogous New York statute of limitations to respondent's federal constitutional claims, but also to apply the New York rule for tolling that statute of limitations." *Board of Regents v. Tomanio*, 446 U.S. 478-479 (1980) (citing *Robertson v. Wegmann*, 436 U.S. 584 (1978); *Johnson v. Railway Express Agency, Inc*., 421 U.S. 454 (1975); *Monroe v. Pape*, 365 U.S. 167. Pp. 483-492 (1961)).

Here, Plaintiff alleges that he was first wrongfully arrested in New York County by NYPD police officers on November 28, 2016, and thereafter arraigned the following day on November 29, 2016. Plaintiff further alleges that he was maliciously prosecuted and denied his right to fair trial, until said criminal proceedings were terminated in favor of Plaintiff on June 26, 2017, when all adverse charges were unconditionally and summarily dismissed and sealed, pursuant to sections 160.50 and 160.60 of the New York Criminal Procedure Law.

Plaintiff was wrongfully arrested a second time in Bronx County by NYPD police officers on March 26, 2017. Plaintiff was thereafter removed to Queens County Central Booking, where he was arraigned that same day. Plaintiff was maliciously prosecuted until the Queens County criminal proceedings were terminated in his favor on May 31, 2017, when all adverse charges were unconditionally and summarily dismissed and sealed, pursuant to sections 160.50 of the New York Criminal Procedure Law.

After applying *Heck's* rule of deferred of accrual and the 229-day tolling period promulgated via the successive executive orders issued by former Governor Andrew M. Cuomo, the statutes of limitations applicable to Plaintiff's § 1983 claims for false arrest, malicious prosecution and denial of right to fair trial and Due Process stemming from his arrests in New York and Bronx Counties did not run until February 10, 2021, and January 15, 2021, respectively.

**C.      Plaintiff's Claims Against the City Relate Back to the Initial Complaint**

The relation back of claims is governed by Rule 15(c) of the Federal Rules of Civil Procedure, which states:

> An amendment to a pleading relates back to the date of the original pleading when:
>    (A) the law that provides the applicable statute of limitations allows relation back;
>
>    (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; or
>
>    (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>       (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

In *Krupski v. Costa Crociere S. P. A.,* 560 U.S. 538 (2010), the Supreme Court held "that relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski v. Costa Crociere S. P. A.*, 560 U.S. 538, 541 (2010). The Supreme Court elucidated that "it would be error to conflate knowledge of a party's existence with the absence of mistake." *Id.* at 548. The Supreme Court explained

> That a plaintiff knows of a party's existence does not preclude her from making a mistake with respect to that party's identity. A plaintiff may know that a prospective defendant—call him party A—exists, while erroneously believing him to have the status of party B. Similarly, a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the "conduct, transaction, or occurrence" giving rise to her claim. If the plaintiff sues party B instead of party A under these circumstances, she has made a "mistake concerning the proper party's identity" notwithstanding her knowledge of the existence of both parties. The only question under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him.

*Krupski v. Costa Crociere S. P. A.*, 560 U.S. 538, 549 (2010).

Here, it should be undisputed that Plaintiff's omission of Defendant City and individually named NYPD police officers constituted a mistake by Plaintiff, who was then proceeding *pro se*. Both the initial complaint and First Amended Complaint ("FAC') filed by Plaintiff alleged that he was falsely arrested and maliciously prosecuted by individuals employed by the City College of New York and City University of New York.

Similar to *Krupski*, Plaintiff's omission of Defendants City and the individual NYPD police officers from the initial complaint and FAC constituted a "mistake" concerning the proper roles or statuses of the new defendants in the events giving rise to the claim at issue.

*Krupski v. Costa Crociere S. P. A.*, 560 U.S. 538, 549 (2010). As such, the only question that remains is whether the newly added defendants "received such notice of the action that it will not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C)(i).

It is respectfully submitted the newly added defendants received constructive notice of the claims alleged in the SAC such that they will suffer no prejudice from defending said on the merits. Defendant City of New York "is deemed to have actual notice of the [claims set forth with in the SAC] by virtue of the fact that its employees participated and were directly involved in the conduct giving rising to [Plaintiff's] claims and are in possession of records and documents relating to the incident. *Matter of Orozco v. City of New York*, 200 A.D.3d 559 (1st Dep't 2021) (citing *Matter of Mitchell v. City of New York*, 134 A.D.3d 941 (2d Dep't 2015); *N.F. v. City of New York*, 161 A.D.3d 1046 (1st Dep't 2018); *Lawton v. Town of Orchard Park*, 138 A.D.3d 1428 (4th Dep't 2016)).

As it is undisputed that Plaintiff was arrested and subsequently criminally prosecuted by NYPD police officers, who were acting as agents for Defendant City of New York, Defendant City therefore had actual notice of the claims in the SAC arising from Plaintiff's two arrests.

Plaintiff therefore respectfully submits that the claims against Defendant City of New York, as set forth within the SAC, should be deemed to relate back to the filing of the initial or FAC and therefore timely commenced, pursuant to the applicable statutes of limitations.

## II.     The Arrests and Prosecutions of Plaintiff Lacked Probable Cause

A Section 1983 claim for false arrest under the Fourth Amendment is "substantially the same" as a claim for false arrest under New York law. *Jocks v. Tavernier*, 316 F.3d 128,

134 (2d Cir. 2003) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). Under New York law, the torts of false arrest and false imprisonment are "synonymous." *Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991). The elements of a false arrest claim include: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Jocks*, 316 F.3d at 134–35 (internal quotation marks and citations omitted).

It is well-settled that the issue as to "[w]hether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) (citing *Maryland v. Pringle*, 540 U.S. 366, 371 (2003). New York has similarly predicated a finding of probable cause on the "circumstances known to the officer at the time of arrest." *Smith v. County of Nassau*, 34 N.Y.2d 18, 24 (N.Y. 1974).

Probable cause to arrest will manifest only "when the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in belief that an offense has been committed by the person to be arrested." *Boyd v. City of New York*, 336 F.3d 72, 75-76 (2d Cir. 2003) (quoting *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991). A determination as to the presence of probable cause to arrest "must consider those facts available to the officer at the time of the arrest and immediately before it." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (quoting with supplied emphasis *Caldarola v. Calabrese*, 298 F.3d 156, 162 (2d Cir. 2002). Such determination should consider the "totality of the circumstances," including the presence of any exculpatory evidence, which an officer may not disregard. *Id.* "It is well settled that probable cause requires more

than suspicions, even reasonable ones." *Dufort v. City of New York*, 874 F.3d 338, 350 (2d Cir. 2017) (citing *United States v. Sokolow*, 490 U.S. 1, 7, (1989).

The presence or absence of "[p]robable cause is a mixed question of law and fact. Questions of historical fact regarding the officers' knowledge at the time of arrest are to be resolved by the jury." *Dufort v. City of New York*, 874 F.3d 338, 348 (2d Cir. 2017). Inversely, "where there is no dispute as to what facts were relied on to demonstrate probable cause, the existence of probable cause is a question of law for the court." *Walczyk v. Rio*, 496 F.3d 139, 157 (2d Cir. 2007).

When "an arrest is made without a warrant, it is presumed that the arrest was unlawful and defendant is required to establish the affirmative defense of probable cause." *Lewis v. Caputo*, 95 A.D.3d 262, 269 (1st Dep't 2012) (citing *Lynn v. State of New York*, 33 A.D.3d 673 (2d Dep't 2006); *Wallace v. City of Albany*, 283 A.D.2d 872, 873, (3d Dep't 2001)).

Probable cause to arrest will normally result if a police officer "'received his information from some person, normally the putative victim or eyewitness,' unless the circumstances raise doubt as to the person's veracity." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (quoting *Martinez v. Simonetti,* 202 F.3d 625, 634 (2d Cir. 2000)). "The reliability or veracity of the informant and the basis for the informant's knowledge are two important factors." *Id.* (citing *Caldarola v. Calabrese,* 298 F.3d 156, 162 (2d Cir. 2002).

"[U]nder some circumstances, a police officer's awareness of the facts supporting a defense can eliminate probable cause." *Jocks v. Tavernier*, 316 F.3d 128, 135 (2d Cir. 2003). In New York, defenses are either exculpatory (eliminating culpability) or mitigating (reducing culpability). *Id.* (citing *People v. Valles*, 62 N.Y.2d 36, 38 (N.Y. 1984). Accordingly, the law

does not "permit an officer to deliberately disregard facts known to him" establishing the innocence of the accused. *Id*. at 136.

Here, Plaintiff has alleged the presence of facts sufficient to vitiate the presence of probable cause for his arrests and prosecutions as predicated upon the unfounded and ultimately discredited accusations of Defendant Baidya. Specifically, the SAC alleges that Plaintiff adamantly refuted the charges against him by Defendant Baidya and even offered to provide conclusive and readily accessible evidence of his innocence in the form of his emails with Defendant Baidya, an offer which defendants declined. SAC (ECF Doc. 42) at ¶¶ 41-43, 81, 84 and 88.

## CONCLUSION

Plaintiff respectfully asserts that the claims alleged in the SAC are not barred by the applicable statutes of limitations and that Plaintiff has sufficiently pleaded claims for the violations of his civil rights, including false arrest, malicious prosecution and denial of his right to fair trial and Due Process.

It is further submitted that Defendant City of New York has failed to establish, as a matter of law, that Plaintiff's arrests and criminal prosecutions were supported by the presence of probable cause, therefore.

As for any arguments by Defendant City of New York for the dismissal of claims alleged in the SAC, Plaintiff hereby relies upon the sufficiency of the factual allegations set forth within the SAC and asserts that all such claims have been adequately pleaded.

Wherefore, Plaintiff respectfully requests that this Court deny the motion to dismiss the SAC by Defendant City of New York in its entirety; together with such other or further relief as this Court may deem just and proper.

Dated: Bayside, New York
      May 2, 2022

Respectfully submitted,

# SIM & DePAOLA, LLP

*Attorneys-at-Law*
42-40 Bell Boulevard – Suite 405
Bayside, New York 11361
(718) 281-0400

By:    */s/ Samuel C. DePaola*
       Samuel C. DePaola, Esq.
       *Attorney for Plaintiff*
       sdepaola@simdepaola.com