20 Civ. 04492 (RA)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BASSEY B. NDEMENOH,

                                                Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                                                Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
    *Attorney for Defendant City of New York*
    *100 Church Street*
    *New York, N.Y. 10007*

    *Of Counsel: Andrea Osgood*
    *Tel: (212) 356-2424*
    *Matter No. 2022-005372*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT

    POINT I

        ALL OF PLAINTIFF'S CLAIMS ARE TIME-BARRED .............................................................................................. 1

        A. The Holdings in Heck v. Humphrey and McDonough v. Smith Do Not Affect the Accrual of Plaintiff's Claims ................................................................. 2

        B. The Governor's Tolling Order Does Not Save Plaintiff's Claims ............................................................................... 4

        C. Plaintiff's Claims Do Not Relate Back ..................................... 5

    POINT II

        THERE WAS PROBABLE CAUSE FOR PLAINTIFF'S ARRESTS AND PROSECUTIONS .................................. 8

    POINT III

        PLAINTIFF'S MONELL AND STATE LAW CLAIMS SHOULD BE DEEMED ABANDONED .................................. 8

CONCLUSION .................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                                               **Pages**

Allen v. Antal,
   No. 12 Civ. 8024 (NSR), 2014 U.S. Dist. LEXIS 79031
   (S.D.N.Y. Mar. 13, 2014) ...................................................................................................3

Bonilla v. City of New York,
   No 20-CV-1704 (RJD) (LB), 2020 U.S. Dist. LEXIS 211171
   (E.D.N.Y. Nov. 10, 2020) ...................................................................................................4

Brandon v. City of New York,
   705 F. Supp. 2d 261 (S.D.N.Y. 2010)..................................................................................9

Ferguson v. City of New York,
   No. 22 Civ. 01000 (KPF), 2022 U.S. Dist. LEXIS 26519
   (S.D.N.Y. Feb. 4, 2022) ......................................................................................................4

Heck v. Humphrey,
   512 U.S. 477 (1994)................................................................................................1, 2, 3, 5

Hutson v. N.Y.C. Police Dep't,
   2017 U.S. Dist. LEXIS 25837 (S.D.N.Y. Feb. 23, 2017)....................................................9

Jocks v. Tavernier,
   316 F.3d 128 (2d Cir. 2003)................................................................................................8

Johnston v. City of Syracuse,
   No. 20 Civ. 1497, 2021 U.S. Dist. LEXIS 166707
   (N.D.N.Y. Sept. 2, 2021) ....................................................................................................5

Krupski v. Costa Crociere S.P.A.,
   560 U.S. 538 (2010).........................................................................................................6, 7

Laboy v. County of Ontario,
   668 Fed. App'x 391 (2d Cir. 2016) .....................................................................................3

Little v. City of New York,
   487 F. Supp. 2d 426 (S.D.N.Y. May 15, 2007) ..................................................................8

Lopez-Motherway v. City of Long Beach,
   No. 2:20-cv-5652 (BMC), 2021 U.S. Dist. LEXIS 48597
   (E.D.N.Y. Mar. 15, 2021) ...................................................................................................4

McDonough v. Smith,
   139 S. Ct. 2149 (2019)...........................................................................................1, 2, 3, 5

**Cases**                                                                                                                    **Pages**

Nash v. Kressman,
    No. 11 Civ. 7327 (LTS) (RLE), 2013 U.S. Dist. LEXIS 169089
    (S.D.N.Y. Nov. 27, 2013) ...............................................................................................6

Orozco v. City of New York,
    200 A.D.3d 559 (1st Dep't 2021) ...................................................................................7

Paul v. Capra,
    No. 20-CV-5154, 2022 U.S. Dist. LEXIS 60689
    (S.D.N.Y. Mar. 31, 2022) ...............................................................................................4

Peguero v. United States,
    No. 15-cv-2854 (PAC), 2016 U.S. Dist. LEXIS 102925
    (S.D.N.Y. Aug. 4, 2016) .................................................................................................3

Rich v. State of New York,
    No. 21-CV-3835, 2022 U.S. Dist. LEXIS 60779
    (S.D.N.Y. Mar. 31, 2022) ........................................................................................... 4-5

Rodriguez v. City of New York,
    No. 10 Civ. 1849 (PKC), 2011 U.S. Dist. LEXIS 102725
    (S.D.N.Y. Sept. 7, 2011) .................................................................................................7

Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC,
    No. 08-CV-442 (TPG) (FM), 2014
    U.S. Dist. LEXIS 133839 (Sept. 23, 2014) ....................................................................9

Singer v. Fulton County Sheriff,
    63 F.3d 110 (2d Cir. 1995) .............................................................................................8

Sullivan v. City of New York.,
    2015 U.S. Dist. LEXIS 112216 (S.D.N.Y. Aug. 25, 2015) .............................................9

Velez v. Fogarty,
    No. 06 Civ. 13186 (LAK) (HBP), U.S. Dist. LEXIS 96999
    (S.D.N.Y. Nov. 20, 2008) ...............................................................................................7

Walker v. Village of Freeport,
    No. 15-CV-4646 (JFB) (SIL), 2016 U.S. Dist. LEXIS 77582
    (E.D.N.Y. June 13, 2016) ...............................................................................................3

**Statutes**

42 U.S.C. § 1983 ................................................................................................................2, 3, 4, 5

Fed. R. Civ. P. 12(b)(6) ................................................................................................................10

**PRELIMINARY STATEMENT**

In his Memorandum of Law in Opposition to defendant City of New York's motion to dismiss, plaintiff advances four flawed arguments: (1) that Heck[1] and McDonough[2] deferred the accrual of the statute of limitations on all of his federal claims, including his false arrest claims, until the termination of his criminal prosecutions; (2) his claims were tolled by 229 days by the Executive Orders of former Governor Andrew Cuomo; (3) the claims against the City and the individually named New York City Police Department ("NYPD") Officers relate back to the original complaint because plaintiff mistakenly failed to name them initially and they were on notice of the claims simply by having had contact with plaintiff; and (4) the NYPD defendants did not conduct a sufficient investigation and, accordingly, there was no probable cause to arrest and/or prosecute plaintiff. See, Plaintiff's Memorandum of Law, dated May 2, 2022 (hereinafter "Plf's. Opp."), ECF No. 87. Plaintiff's contentions, based on inapposite case law, should be summarily disregarded. Further, as plaintiff has failed to address defendant's contention that the state law and Monell claims fail as a matter of law, said claims should be deemed abandoned.

**ARGUMENT**

**POINT I**

**ALL OF PLAINTIFF'S CLAIMS ARE TIME-BARRED**

Plaintiff argues that his claims are timely because (1) the deferred accrual rule espoused in Heck v. Humphrey, 512 U.S. 477 (1994) and McDonough v. Smith, 139 S. Ct. 2149 (2019) applies; (2) his claims were tolled by 229 days per former Governor Cuomo's Executive Orders; and (3)

---

[1] Heck v. Humphrey, 512 U.S. 477 (1994).

[2] McDonough v. Smith, 139 S. Ct. 2149 (2019).

his claims in the Second Amended Complaint ("SAC") relate back to the Complaint and First Amended Complaint ("FAC"). All of plaintiff's arguments are unavailing.

A.     **The Holdings in Heck v. Humphrey and McDonough v. Smith Do Not Affect the Accrual of Plaintiff's Claims**

In his Opposition, relying on an incorrect reading of Heck and McDonough, plaintiff argues that his federal claims, including his false arrest claims, did not begin to accrue until the related criminal prosecutions were favorably terminated. Plf's. Opp. at 7-9. Plaintiff's interpretation of the holdings of these cases is deeply flawed, as neither case holds, or even suggests, that any claims besides malicious prosecution and/or fabrication of evidence are implicated by a deferred accrual rule.

In Heck, the plaintiff filed a Section 1983 action while his conviction in the underlying criminal case – the basis for his federal lawsuit – was pending on appeal. Heck, 512 at 479-80. There, the Court held that plaintiff's malicious prosecution claim was not cognizable because plaintiff could not satisfy the favorable termination prong of the malicious prosecution standard. Id. at 484. The Court reasoned that had it allowed plaintiff's claim to proceed prior to the decision on appeal, the Section 1983 action could have served as a collateral attack on the conviction. Id. at 485. Indeed, a simple reading of Heck demonstrates that it stands for the proposition that a **malicious prosecution** claim does not accrue unless and until the criminal prosecution terminates in the plaintiff's favor.

Plaintiff similarly misunderstands the holding of McDonough. Plaintiff argues that McDonough "extended Heck's reach to ongoing criminal prosecutions" and that the successful prosecution of his Section 1983 false arrest claims "would have impugned the validity of his then ongoing criminal prosecutions." Plf's Opp. 8-9. In McDonough, the Court applied the rationale espoused in Heck to plaintiff's **fabrication of evidence** claim. The Court held that this claim did

2

not accrue until plaintiff was acquitted in the criminal case because "[t]here is not a 'complete and present cause of action,' Wallace, 549 U.S., at 388, 127 S. Ct. 1091, 166 L.Ed. 2d 973, to bring a fabricated-evidence challenge to criminal proceedings while those criminal proceedings are ongoing. Only once the criminal proceeding has ended in the defendants favor, or a resulting conviction has been invalidated within the meaning of Heck, see 512 U.S., at 486-487, 114 S. Ct. 2364, 129 L.Ed. 2d 383, will the statute of limitations being to run." McDonough, 139 S. Ct. at 2158. Contrary to plaintiff's analysis, McDonough plainly does not stand for the notion that all Section 1983 causes of action do not accrue until the ongoing criminal prosecution is terminated – the holding was solely limited to fabrication of evidence claims.

Finally, unsurprisingly, plaintiff does not cite to a single case extending the holding of Heck or McDonough to false arrest claims, or to any of the other non-malicious prosecution or fabrication of evidence causes of action plaintiff is pursuing. Indeed, it is well settled in this Circuit that a false arrest claim accrues upon arrest, not upon the termination of a criminal prosecution. Laboy v. County of Ontario, 668 Fed. App'x 391, 394 (2d Cir. 2016) ("a Section 1983 claim for false arrest in New York will accrue on the date of the alleged false arrest"); Peguero v. United States, No. 15-cv-2854 (PAC), 2016 U.S. Dist. LEXIS 102925 at *7-8 (S.D.N.Y. Aug. 4, 2016); Allen v. Antal, No. 12 Civ. 8024 (NSR), 2014 U.S. Dist. LEXIS 79031 at *12-13 (S.D.N.Y. Mar. 13, 2014) (explaining that Heck did not apply and plaintiff's false arrest claim accrued once he was arraigned); Walker v. Village of Freeport, No. 15-CV-4646 (JFB) (SIL), 2016 U.S. Dist. LEXIS 77582 at *32 (E.D.N.Y. June 13, 2016). Accordingly, neither Heck nor McDonough applies to any of plaintiff's claims besides malicious prosecution and fabrication of evidence, and his argument that none of his claims accrued until the terminations of the criminal prosecutions on June 26, 2017 and May 31, 2017 should be flatly rejected by the Court.

**B.    The Governor's Tolling Order Does Not Save Plaintiff's Claims**

Plaintiff argues that former Governor Cuomo's Executive Orders tolled the statute of limitations by 229 days. As an initial matter, by his heavy reliance on the tolling Orders, plaintiff essentially concedes that his claims are otherwise untimely unless the Court applies the tolling Orders. In any event, the Second Circuit has not yet ruled on whether the former Governor's tolling orders apply to Section 1983 actions. As such, this Court is not bound to follow those courts that have applied the Executive Orders to Section 1983 actions.[3] This Court should decline to apply the Governor's tolling orders to this case since the executive orders passed under the Governor's emergency powers were, by definition, designed to address exigencies unique to New York State and were implemented as a result of widespread state court closures during the pandemic. See Lopez-Motherway v. City of Long Beach, No. 2:20-cv-5652 (BMC), 2021 U.S. Dist. LEXIS 48597, at *20 (E.D.N.Y. Mar. 15, 2021) (explaining that the Governor's authority to toll statutes of limitation for actions brought in state court derives from his emergency powers). Moreover, it should not be ignored that plaintiff filed the first complaint in this action during the effective period of the toll and, accordingly, it is clear that he never intended to take advantage of such toll.

Nevertheless, even if this Court were inclined to toll the applicable statute of limitations pursuant to the tolling Orders, the Court should decline to impose a blanket 229 day toll as plaintiff urges. Instead, as set forth in defendant's Memorandum of Law, dated March 10, 2022 (hereinafter "Def. Br."), the claims should simply be tolled by the number of days remaining in the applicable statute of limitations as of the date that the tolling orders went into effect. See, e.g., Rich v. New

---

[3] See, e.g., Rich v. State of New York, No. 21-CV-3835, 2022 U.S. Dist. LEXIS 60779 (S.D.N.Y. Mar. 31, 2022); Paul v. Capra, No. 20-CV-5154, 2022 U.S. Dist. LEXIS 60689 (S.D.N.Y. Mar. 31, 2022); Ferguson v. City of New York, No. 22 Civ. 01000 (KPF), 2022 U.S. Dist. LEXIS 26519 (S.D.N.Y. Feb. 4, 2022); Bonilla v. City of New York, No 20-CV-1704 (RJD) (LB), 2020 U.S. Dist. LEXIS 211171 (E.D.N.Y. Nov. 10, 2020).

York, 21 Civ. 3835 (AT), 2022 U.S. Dist. LEXIS 60779, fn. 9 (S.D.N.Y. Mar. 31, 2022) ("The order amounted to a "pause" in the limitations period—that is, during the duration of the toll, the clock to file [did] not run," but "[o]nce the toll end[ed,] the clock resume[d] from where it was when the toll began, and the plaintiff ha[d] the rest of his limitations period to file his complaint[.]"") (quoting Johnston v. City of Syracuse, No. 20 Civ. 1497, 2021 U.S. Dist. LEXIS 166707 (N.D.N.Y. Sept. 2, 2021)). Accordingly, the statute of limitations pertaining to plaintiff's claims that accrued on March 26, 2017 expired on November 10, 2020; any claims that accrued on May 31, 2017 expired on January 15, 2021; and any claims that accrued on June 26, 2017 expired on February 10, 2021. See, Def. Br. at 10. Thus, all of plaintiff's Section 1983 claims expired well before the filing of the SAC on September 24, 2021. Id.

Finally, even if the Court accepts plaintiff's contentions both that his claims are subject to deferred accrual pursuant to Heck and McDonough and that the claims were tolled 229 days pursuant to the tolling Orders, his claims are still time barred. According to plaintiff, deferring the accrual date and applying the toll, the statute of limitations on his claims would have expired on January 15, 2021 and February 10, 2021. Plf's Opp. 11. However, the SAC naming defendant City and the individually named NYPD defendants was not filed until September 24, 2021, eight to nine months after the alleged statutes of limitations had expired.

**C.    Plaintiff's Claims Do Not Relate Back**

Contrary to plaintiff's contentions, his claims do not relate back to the original complaint because he cannot show that he failed to name the newly added defendants due to a mistake of identity or that the newly added defendants had notice of the claims against them. Plaintiff argues that because he was initially proceeding *pro se*, he misunderstood the "proper roles or statuses of the new defendants" and as a result, he failed to name them in the Complaint and the FAC. Plf's Opp. 12. Plaintiff's arguments are meritless.

5

First, plaintiff's status as a *pro se* plaintiff at the time that the Complaint and FAC were filed does not absolve him of his obligation to specifically identify those individuals who are alleged to have engaged in wrongdoing. See, Def. Br. at 15-16. Second, plaintiff's reliance on Krupski v. Costa Crociere S.P.A., 560 U.S. 538 (2010), is misplaced. In Krupski, the plaintiff brought a lawsuit after suffering an injury aboard a cruise ship. Id. at 541-42. In the complaint, plaintiff named the wrong company – an American subsidiary of the Italian cruise line – as a defendant. Id. at 542. By the time plaintiff filed an amended complaint naming the correct defendant, the statute of limitations had expired. Id. at 543-44. The Court held that plaintiff's amended complaint related back because plaintiff "misunderstood crucial facts regarding the two companies' identities" and "because the face of the complaint plainly indicated such a misunderstanding." Id. at 555. No such circumstance exists here.

Unlike in Krupski, plaintiff did not name the wrong defendants in the original complaint or the FAC. It is undisputed that the basis of plaintiff's claims were his allegations that CUNY employees fabricated claims against him causing him to be arrested. Thus, it is clear that plaintiff knew who he wanted to sue from the outset – CUNY and its employees – and he did just that. Moreover, the fact that plaintiff has never sought to replace the CUNY defendants with the City and/or newly named NYPD defendants is proof positive that plaintiff belatedly sought to name the City, Portillo, Trotter, Suarez, Moreau, and Hall as defendants **in addition** to the CUNY defendants, not as a replacement thereof as was done in Krupski. This is not a mistake of identity that lends itself to relation back. See Nash v. Kressman, No. 11 Civ. 7327 (LTS) (RLE), 2013 U.S. Dist. LEXIS 169089 at *21 (S.D.N.Y. Nov. 27, 2013) (holding that "[a]n amendment identifying a defendant who was unnamed in the original pleading because of lack of identifying information, rather than because of an identification mistake, does not relate back to the original pleading");

6

Rodriguez v. City of New York, No. 10 Civ. 1849 (PKC), 2011 U.S. Dist. LEXIS 102725 at *26 (S.D.N.Y. Sept. 7, 2011) (distinguishing the facts from Krupski, stating that "[u]nlike Krupski, the plaintiff here did not harbor a misimpression as to known parties' identities. Rather, the plaintiff did not know the identities of [the officers] until after the statute of limitations had run").

Further, plaintiff's assertion that the City and/or the individually named officers had actual or constructive notice of the claims in the SAC, since NYPD officers arrested plaintiff, is also meritless. Plf's Opp., 12-13. Plaintiff cites to Orozco v. City of New York, 200 A.D.3d 559 (1st Dep't 2021) to support this proposition. However, plaintiff misunderstands the meaning of constructive notice, which is "based on the theory that the newly added defendant is not prejudiced by the lack of notice if his attorney has already begun preparing a defense for the named defendant during the limitations period." Velez v. Fogarty, No. 06 Civ. 13186 (LAK) (HBP), U.S. Dist. LEXIS 96999 at *16 (S.D.N.Y. Nov. 20, 2008).  Here, it cannot be said that counsel for the City of New York had begun preparing a defense during the limitations period.  In fact, plaintiff did not request a summons as to the City of New York and/or any of the individually named NYPD defendants until January 14, 2022 – well past the limitations period even by plaintiff's calculation – and such summonses were not issued by the Clerk of the Court until January 18, 2022. ECF Dkt. Entries 57 and 58.  Moreover, as plaintiff is well aware, he did not serve the City with the summons and SAC until January 18, 2022.  Additionally, the Complaint and FAC only references CUNY and its employees.  Thus, the City, Portillo, Trotter, Suarez, Moreau, and/or Hall would not have had a reason to know that the plaintiff intended to bring claims against them.[4]

---

[4] Defendant City also submits that the Court should wholly disregard plaintiff's assertion that the City and/or the NYPD defendants had actual or constructive notice of this lawsuit simply because plaintiff was allegedly arrested by NYPD officers. Were the Court to accept plaintiff's contentions, it would in essence be finding that the City and/or NYPD officers have actual or constructive knowledge of a lawsuit every time any type of law enforcement action is taken. That is simply untenable.

7

POINT II

**THERE WAS PROBABLE CAUSE FOR PLAINTIFF'S ARRESTS AND PROSECUTIONS**

Plaintiff argues that his arrests and prosecutions were not supported by probable cause because they were based on "unfounded and ultimately discredited accusations of Tanni Baidya." Plf's Opp. 16. Plaintiff further argues that he attempted to provide police with evidence of his innocence by they declined to consider it. Id. Plaintiff's argument falls far short of demonstrating that probable cause was lacking for his arrests and prosecutions.

Here, there was probable cause for both of plaintiff's arrests and prosecutions, since both were indisputably based on the reports of a complaining victim – Tanni Baidya. Def. Br. 17-20. That Ms. Baidya may have fabricated the claims are irrelevant to a finding of probable cause as long as the officers had no reason to doubt the allegations at the time they were made. Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995); Little v. City of New York, 487 F. Supp. 2d 426, 439 (S.D.N.Y. May 15, 2007). Indeed, there are no allegations in the complaint tending to show that the police should have doubted Ms. Baidya's veracity. Furthermore, that the officers allegedly disregarded plaintiff's claims of innocence also does not overcome the existence of probable cause. Jocks v. Tavernier, 316 F.3d 128, 135-36 (2d Cir. 2003). Here, plaintiff's self-serving claims of innocence, instead of non-speculative factual allegations, are not enough to demonstrate that probable cause was lacking for his arrests and prosecutions.

POINT III

**PLAINTIFF'S MONELL AND STATE LAW CLAIMS SHOULD BE DEEMED ABANDONED**

Plaintiff's opposition fails to address defendant's contentions that plaintiff's state law and Monell claims are not viable. See Def. Br. at 11-12 and 21-24. When a plaintiff fails to address a

8

claim that a defendant has moved to dismiss, courts can deem that claim abandoned and dismiss it. Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC, No. 08-CV-442 (TPG) (FM), 2014 U.S. Dist. LEXIS 133839 at *17-18 (Sept. 23, 2014) (explaining that "at the motion to dismiss stage, where review is limited to the pleadings, a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim"); see also Hutson v. N.Y.C. Police Dep't, 2017 U.S. Dist. LEXIS 25837, at *8 (S.D.N.Y. Feb. 23, 2017) (dismissing plaintiff's claim as abandoned on the basis that he did not raise any arguments opposing defendants' motion to dismiss); Sullivan v. City of New York., 2015 U.S. Dist. LEXIS 112216, at *11-*12 (S.D.N.Y. Aug. 25, 2015); Brandon v. City of New York, 705 F. Supp. 2d 261, 268-69 (S.D.N.Y. 2010) (dismissing as abandoned claims that plaintiff failed to address in his arguments opposing defendants' motion to dismiss). Accordingly, the Court should deem these unaddressed claims as abandoned and dismiss them.

## CONCLUSION

For the reasons stated herein, and in Def. Br., Defendant City of New York respectfully requests that the Court dismiss Plaintiffs' Second Amended Complaint as against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant City also respectfully requests that the Court *sua sponte* dismiss the claims set forth against Defendants Ramon Portillo, Albert Trotter, Guillermo Suarez, Donice Moreau, and Louron Hall.

Dated:	New York, New York
	May 16, 2022

>	HON. SYLVIA O. HINDS-RADIX
>	Corporation Counsel of the City of New York
>	*Attorney for Defendant City of New York*
>	100 Church Street, Room 3-308
>	New York, New York 10007
>	(212) 356-2424
>
>	By:	/s/ *Andrea Osgood*
>		Andrea Osgood
>		*Assistant Corporation Counsel*