UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BASSEY NDEMENOH,

                Plaintiff,

v.

VINCENT BOUDREAU, *et al.*,

                Defendants.

20-CV-4492 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    In light of Plaintiff's failure to comply with the Court's June 22, 2022 Order, Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 4(m) are granted and the Defendants named in the Second Amended Complaint are dismissed without prejudice.

    The First Amended Complaint in this action named six defendants—Vincent Boudreau, William C. Thompson, Anthony Laperuta, Wendy Thornton, George Rhinehart, and Tanni Baidya (the "original Defendants"). Those original Defendants filed a motion to dismiss in April of 2021, after which Plaintiff, who was *pro se* at the time, retained counsel. Plaintiff's counsel then requested four extensions to oppose the motion to dismiss, *see* May 20, 2021 letter, July 18, 2021 letter, July 30, 2021 letter, August 24, 2021 letter, but nonetheless failed to file an opposition. On August 31, 2021, the Court *sua sponte* granted a final extension. Without requesting leave to do so, Plaintiff's counsel filed the Second Amended Complaint, rather than an opposition, on September 7, 2021. The Second Amended Complaint named sixteen new Defendants—the City of New York, City University of New York, Felix Rodriguez, Pasquale Morena, Dee Dee Mozeleski, Juana Reina, Rondell Goppy, Paul Ochiogrosso, William Barry, Michael Lederhandler, Alexandra Coveleski, Donice Moreau, Ramon Portillo, Guillermo Suarez, Albert Trotter, and Louron Hall (the "new Defendants"). The Court ultimately permitted the filing of the Second Amended Complaint over Defendants' objection.

Plaintiff, however, failed to timely serve any of the new Defendants with the Second Amended Complaint. Indeed, Plaintiff did not even seek electronic summonses until after the service period had expired. On January 28, 2022, the Court directed Plaintiff to file proof of service on the docket and warned that failure to do so could result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Plaintiff did file affidavits of service for the new Defendants, although the service was untimely.

On February 3, 2022, the original Defendants filed a letter motion seeking that this case be dismissed pursuant to Rule 4(m) as to the new Defendants, who were not properly served, and dismissed pursuant to Rule 41(b) for failure to prosecute as to all Defendants. The Court issued an order stating that if Plaintiff wished to oppose the motion, he must do so by February 21, 2022. Plaintiff did not file an opposition, and the original Defendants filed another letter to deem the Rule 4(m) and Rule 41(b) motion unopposed. On February 23, 2022, Defendants Morena and Mozeleski, who are represented by separate counsel and appeared only to contest service, joined the original Defendants' motion. On March 7, 2022, the City of New York joined the letter motion to dismiss pursuant to Rule 4(m) and Rule 41(b), and a day later filed its formal motion to dismiss pursuant to Rule 12(b)(6). The original Defendants, as well as Morena and Mozeleski, have subsequently renewed their motions in light of Plaintiff's counsel's continued failures to comply with the Court's deadlines.

"Once a defendant raises a challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." *McIntire v. China MediaExpress Holdings, Inc.*, 927 F. Supp. 2d 105, 132 (S.D.N.Y. 2013) (internal quotation omitted). After multiple efforts by this Court, Plaintiff's counsel responded to the motions to dismiss pursuant to Rule 4(m) and Rule 41(b) on June 6, 2022, but failed to rebut the numerous service deficiencies highlighted by Defendants. The Court held a conference on June 17, 2022, in the hopes of clarifying the status of service, but Plaintiff's counsel again failed to provide any basis for the late and seemingly improper service. As a result, the Court ordered that Plaintiff must

> Serve each of the new Defendants with the Second Amended Complaint by July 1, 2022. Moreover, by July 8, 2022, Plaintiff shall submit proof of service as to each Defendant, as well as an additional submission articulating precisely how each of the Defendants added in the Second Amended Complaint were served, explaining why such service was proper, and citing to the relevant portions of the Federal Rules of Civil Procedure or New York Civil Practice Law and Rules.

June 22, 2022 Order. The Court specifically warned that "no adjournments will be granted, and failure to comply with these deadlines will result in dismissal of these Defendants pursuant to Federal Rule of Civil Procedure 4(m)." *Id.* Almost two weeks have passed since the July 8, 2022 deadline and Plaintiff has neither submitted proof of service, a submission explaining his basis for service, or filed any document at all. The original Defendants, as well as Morena and Mozeleski, have again moved for the Court to dismiss the case pursuant to Rule 4(m) or Rule 41(b).

To date, no good cause has been shown as to why the service deadline should be extended. While the Court has discretion to grant an extension of the time to serve even absent good cause, *see Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007), Plaintiff has provided no basis for the Court to do so. Indeed, the June 22, 2022 Order was the latest in a series of attempts by the Court to allow Plaintiff's counsel to cure the deficient service, but he has altogether squandered that opportunity. A balancing of the relevant factors, *see DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010), thus favors Defendants, and dismissal under Rule 4(m) is warranted. Accordingly, all the new Defendants are dismissed without prejudice. *See Zapata*, 502 F.3d at 197–199 (affirming district court's Rule 4(m) dismissal where Plaintiff "made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and has advanced no cognizable excuse for the delay"). While the Court recognizes that, given the applicable statute of limitations period, a dismissal pursuant to Rule 4(m) without prejudice may effectively operate as a dismissal with prejudice, this is insufficient to tip the balance in Plaintiff's favor. *See Williams v. Vaccaro*, No. 19-CV-03548 (CM) (SDA), 2022 WL 2179726 (S.D.N.Y. June 1, 2022), *report and recommendation adopted*, 2022 WL 2181647 (S.D.N.Y. June 16, 2022) (dismissing action pursuant to Rule 4(m) even where doing so meant that the plaintiff's claims were time barred); *Fowler v. City of New York*, No. 13-CV-2372 (KAM) (RML), 2015

WL 9462097, at *7 (E.D.N.Y. Dec. 23, 2015), *aff'd*, 807 F. App'x 137 (2d Cir. 2020) ("[C]ounsel's ongoing disregard of the basic procedures required to effect proper service—and thereby confer personal jurisdiction over the individual defendants in this court—offsets any benefit in plaintiff's favor."). Even if the Court had found that the balance of factors weighed in Plaintiff's favor, an extension would not be justified on this record, which is replete with instances of neglect. *See Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 421 (S.D.N.Y. 2013) ("The Second Circuit has stated clearly that even if the balance of hardships favors the plaintiff a district court may still decline to excuse a failure to timely serve the summons and complaint where the plaintiff fails to advance some colorable excuse for neglect.").

The original Defendants have also moved for a dismissal of the entire action pursuant to Rule 41(b) for failure to prosecute. A dismissal for failure to prosecute pursuant to Rule 41(b) is "harsh" sanction reserved for "extreme situations." *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013). Such a dismissal is not warranted as to the original Defendants, whose deadline to respond to the Second Amended Complaint was adjourned in October of 2021 and to whom Plaintiff has had no ongoing obligations since filing the Second Amended Complaint. Accordingly, the original Defendants' motion to dismiss pursuant to Rule 41(b) is denied.

In sum, the new Defendants' motions to dismiss pursuant to Rule 4(m) are granted and this case is dismissed without prejudice as to the City of New York, City University of New York, Felix Rodriguez, Pasquale Morena, Dee Dee Mozeleski, Juana Reina, Rondell Goppy, Paul Ochiogrosso, William Barry, Michael Lederhandler, Alexandra Coveleski, Donice Moreau, Ramon Portillo, Guillermo Suarez, Albert Trotter, and Louron Hall. The Clerk of Court is respectfully directed to terminate those Defendants from this action. The original Defendants' motion to dismiss pursuant to Rule 41(b) is denied. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 74.

The original Defendants have yet to respond to the Second Amended Complaint, as their time to do so was triggered by the completion of service on the new Defendants. In light of this order dismissing the new Defendants from this action, the original Defendants shall answer or otherwise respond to the complaint by August 19, 2022.

SO ORDERED.

Dated:   July 21, 2022
         New York, New York

                                             _____
                                             RONNIE ABRAMS
                                             United States District Judge